PER CURIAM.
The appellant, Phillip E. Tallent, challenges the judgment and sentence imposed upon him following the revocation of his probation. We reverse.
After the appellant pled guilty to violating certain conditions of the term of probation he was serving for a drug related offense, the trial judge revoked his probation, adjudicated him guilty, and sentenced him to twenty-eight months of incarceration to be followed by two years of community control. The appellant’s guidelines scoresheet reflected a total of forty-two points which resulted in a recommended guidelines sentence of any nonstate prison sanction. By sentencing the appellant to twenty-eight months incarceration to be followed by a period of community control, the trial judge apparently was attempting to increase the appellant’s sentence as permitted by Florida Rule of Criminal Procedure 3.701(d)(14) to the next higher cell which called for a guidelines range of community control or twenty to thirty months incarceration.
Subsequent to the appellant being sentenced in this case, the supreme court held in State v. Van Kooten, 522 So.2d 830 (Fla.1988), that when the presumptive guidelines sentence directs community control or incarceration, the imposition of both represents a departure from the sentencing guidelines which requires proper written reasons. Here, the trial court gave no reasons, written or oral, for imposing a sentence which according to the holding in Van Kooten is a departure sentence. We, accordingly, reverse the appellant’s sentence and remand for resentencing. On remand, the trial court may impose a departure sentence upon providing valid written reasons. See Daughtry v. State, 521 So.2d 208 (Fla. 2d DCA 1988). We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and SCHOONOVER and PARKER, JJ., concur.