BOOTH, Chief Judge.
This cause is before us on appeal from a judgment and guideline sentence entered after appellant was convicted by a jury of burglary of a dwelling with the intent to commit sexual battery therein while armed with a dangerous weapon (Count I), kidnapping with the intent to commit sexual battery while in possession of a weapon (Count II), and sexual battery of a person over the age of 11 years while using or threatening to use a deadly weapon (Count III). Appellant was adjudicated guilty of all three counts and sentenced to three concurrent life sentences.
Appellant has raised five issues on appeal, only one of which merits discussion. Appellant challenges the trial court’s application of Rule 3.988, Florida Rules of Criminal Procedure, Guideline Scoresheet No. 2, amended effective July 1, 1984. Based on State v. Jackson, 478 So.2d 1054 (Fla.1985), we affirm.
Appellant was charged in a three-count amended information with the December 4, 1983, offenses. On November 2, 1984, appellant was convicted by a jury on all three counts. Judgment and sentence were delayed pending a determination of the proper authority for sentencing. The State argued the proper authority was the aforecit-ed rule, as amended effective July 1, 1984, which would result in recommended sentences of life imprisonment. Appellant argued the appropriate authority was the afo-recited rule as it existed at the time of the offenses, December 4, 1983, which would result in recommended sentences of from 17 to 22 years of imprisonment.
Appellant, relying on Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), asserts that application of the amended guidelines in this case violates the ex post facto clause of the United States Constitution.
However, in Jackson, the Supreme Court, addressing a violation of probation, concluded:
[T]he presumptive sentence established by the guidelines does not change the statutory limits of the sentence imposed for a particular offense. We conclude that a modification in the sentencing guidelines procedure, which changes how a probation violation should be counted in determining a presumptive sentence, is merely a procedural change, not requiring the application of the ex post facto doctrine....
We reject Jackson’s contention that Weaver v. Graham, 450 U.S. 24 [101 S.Ct. 960, 67 L.Ed.2d 17] (1981), should control in these circumstances.
Jackson involved a remand on a resentenc-ing due to probation violation. However, in Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA 1985), this court had before it an original sentencing and declined to draw a distinction on that ground, holding that the underlying legal principle applies equally to the circumstances in all three cases. Specifically, the presumptive sentence established by the amended guidelines does not change the statutory limit of the sentence imposed. Thus, under the circumstances in this case, the modification in the sentencing *394 guidelines is a procedural change not requiring the application of the ex post facto doctrine.
Confronting the same issue as in Wilkerson, we again certify the following question to the Supreme Court of Florida as one of great public importance:
WHETHER ALL SENTENCING GUIDELINES AMENDMENTS ARE TO BE CONSIDERED PROCEDURAL IN NATURE SO THAT THE GUIDELINES AS MOST RECENTLY AMENDED SHALL BE APPLIED AT THE TIME OF SENTENCING WITHOUT REGARD TO THE EX POST FACTO DOCTRINE.
Accordingly, we affirm.
NIMMONS, J., concurs.
ZEHMER, J., concurs in part and dissents in part with written opinion.