DANAHY, Chief Judge.
The defendant appeals an order of violation of probation and the judgment and sentence entered on the underlying crime.
In 1982 the defendant was charged with two counts of DWI manslaughter and pled guilty to both. He was adjudicated guilty and sentenced to seven and one-half years in prison on count I and to a concurrent ten-year term of probation on count II. The defendant was subsequently released from prison after serving three and one-half years with respect to count I, and continued his probationary term as to count II.
In 1986 an affidavit of probation violation was filed against the defendant charging eight separate violations. Following a hearing on the probation violation charges, the trial judge entered an order of revocation of probation reciting that the defendant had violated his probation as charged in every respect in the affidavit of violation. The defendant elected to be sentenced under the sentencing guidelines. He was sentenced to fifteen years imprisonment based on a guidelines scoresheet which reflected a recommended range of twelve to seventeen years.
On this appeal, the defendant first asserts that his sentencing scoresheet was incorrect because it reflected two primary offenses at conviction — presumably both counts of DWI manslaughter with which the defendant was charged in 1982. As the defendant points out, he was sentenced to prison in 1982 on count I and completed that sentence. Obviously, the guidelines scoresheet is erroneous. We ac *96 cept the state’s proposition that count I be reflected on the guidelines scoresheet under prior record. We reject the defendant’s argument that his scoresheet should contain no reference to count I at all. Merely paying the penalty for a prior crime does not eliminate it from consideration in the guidelines scheme of things. State v. Northern, 503 So.2d 1001 (Fla. 4th DCA 1987). However, there may be error in doubling the points for victim injury under “death or severe injury.”
Thus it appears that the correct point total would place the defendant’s recommended sentencing range below fifteen years. The defendant acknowledges that he made no objection to the scoresheet before the trial judge.
This is the situation addressed by the Florida Supreme Court in State v. Whitfield, 487 So.2d 1045 (Fla.1986). There, the court held that when the impact of a sentencing scoresheet error is that the trial judge departed from the sentencing guidelines without making the required written, clear and convincing reasons for departure, the sentencing error may be considered on appeal even though there was no contemporaneous objection before the trial judge.
We note that in the Whitfield case, in order to facilitate the correction of such errors at the trial court level, the supreme court amended rule 3.800(a) to read as follows:
(a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
We note this rule change to point out that the defendant in this case could have made an appropriate motion to the trial judge to correct the sentencing guidelines score-sheet, rather than pursue the point on appeal.
As his second issue, the defendant claims that the trial judge erred in finding that the defendant had violated conditions 6 and 8 of his probation because there was not sufficient evidence before the trial judge to sustain a finding that the defendant had violated those conditions. The state counters that the defendant pled guilty to all of the probation violation charges and thus no issue was presented as to the sufficiency of the evidence with respect to any of the alleged violations. Having read the colloquy between the trial judge and the defendant at the probation revocation hearing, we agree with the state that the defendant clearly pled guilty to all of the charges of probation violation. We find no error as to this issue.
We reverse and remand for resentencing in accordance with this opinion.
SCHOONOVER and SANDERLIN, JJ., concur.