521 So.2d 208 (1988)
Willie DAUGHTRY, III, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1575.
District Court of Appeal of Florida, Second District.
February 12, 1988.
James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Willie Daughtry, III, challenges the judgment and sentences for kidnapping and two counts of sexual battery. We affirm Daughtry's convictions, finding no merit to the first two points raised by Daughtry, but remand the case to the trial court for resentencing.
Daughtry was adjudicated guilty of kidnapping and two counts of sexual battery by the use of force likely to cause serious personal injury; all three offenses arose from the same criminal incident. The trial court sentenced Daughtry to three life terms; the sentence for kidnapping was to run concurrent with the prison term set for the first count of sexual battery. Both these sentences were imposed consecutively with the life term for the second sexual battery count. Daughtry's scoresheet indicated a guidelines sentence of life.
In Rease v. State, 493 So.2d 454 (Fla. 1986), decided after the trial court's imposition of sentence in this case, our supreme court held that sentencing a defendant to consecutive life terms constituted a departure from a recommended sentence of life under the guidelines, thereby requiring the written statement of reasons. See also Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986), review denied, 501 So.2d 1283 (Fla. 1986). The trial court here committed error in failing to provide any written reasons for exceeding the recommended sentence as required by Rease.
Accordingly, we remand the matter to the trial court for resentencing within the recommended guidelines or for the statement of proper written reasons, if any, for departing from the presumptive life sentence. We distinguish this case from Shull v. Dugger, 515 So.2d 748 (Fla. 1987), requiring resentencing within guidelines after the trial court's stated reasons for departure have been held invalid on appeal, since here the trial court offered no reasons for departure.
DANAHY, C.J., and LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.