523 So.2d 726 (1988)
James HARRISON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-424.
District Court of Appeal of Florida, Third District.
April 12, 1988.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
In 1984, the appellant Harrison was a lookout in an armed supermarket robbery in which, unknown to him, two co-defendants killed a night watchman. As a result, Harrison pled guilty to second degree murder (Count I), burglary of an occupied structure with an assault committed therein (Count II), and attempted robbery with a deadly weapon (Count III). He was sentenced to two years in prison as to Count I, followed by concurrent terms of four years *727 probation on Counts II and III. He served his two year state prison time, but shortly after his release he was found in possession of cocaine which, in the instant case, the trial court determined to have been a violation of his probation. His sentencing upon the consequent revocation is the only issue involved in this appeal.
Acting under the misapprehension that the original sentence for the second degree murder count had been two years imprisonment followed by four years probation and thus that Harrison was on probation for that charge at the time of sentencing, the trial court treated the second degree murder as the primary offense under the guidelines. That calculation yielded a recommendation of 12-17 years with a probation up-tick to 17-22 years. Accordingly, it imposed three sentences on Counts I, II and III totalling 22 years in the state prison. As the state concedes, we must reverse.
Since the defendant had completely served the sentence actually imposed for second degree murder, it is an obvious double jeopardy violation to resentence him as to that charge. Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985). The murder conviction must instead be treated only as a prior offense in the guidelines calculation, see Peterson v. State, 506 So.2d 94 (Fla. 2d DCA 1987), which in turn, must be based upon the guidelines in effect at the time of the offense, Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), with the burglary charge treated as the primary offense.
In making that computation, we hold that no additional points should be scored for victim injury. This is because the "injury"  the death of the watchman which constituted the assault involved in the burglary offense  has already been the subject of Harrison's conviction and imprisonment for second degree murder, a crime for which points are to be scored in the prior conviction category. See Peterson, 506 So.2d at 96; Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985). Double or triple dipping of this kind is not permitted under the guidelines scheme. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The state finally argues that we should permit the trial court, if it deems appropriate after remand, to deviate upward from the necessarily lower guidelines sentence which will result from this opinion. We do not agree. The thrust, if not the precise holding, of Shull v. Dugger, 515 So.2d 748 (Fla. 1987), precludes what would be an initial attempt to enter a departure sentence after a prior sentence has, as we do here, been deemed inappropriate on appeal.
The convictions below are affirmed. The sentence under review is reversed with directions to resentence Harrison under the guidelines as calculated in a manner consistent with this opinion.
Affirmed in part, reversed in part.