529 So.2d 772 (1988)
George S. WALDRON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-443.
District Court of Appeal of Florida, Second District.
July 22, 1988.
John D. Hooker, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
*773 EN BANC.
RYDER, Judge.
In 1985, appellant was convicted of petit theft. Because appellant had twice previously been convicted of petit theft in 1976, the trial court enhanced the degree of appellant's 1985 crime to a third degree felony, section 812.014(2)(c), Florida Statutes (1985), but placed appellant on five years' probation for the 1985 petit theft conviction.
In September 1986, appellant was arrested and charged with retail theft. Thereafter, appellant's probation officer filed a warrant and an affidavit alleging that appellant had violated his probation on the 1985 petit theft conviction.
Appellant filed a motion in November of 1986 alleging that the sentence to probation was illegal. Appellant asserted that the trial court improperly enhanced his sentence using convictions that were more than five years from the date of the present conviction and, further, that the earlier convictions were uncounseled. The trial court denied appellant's motion holding that appellant was sentenced under section 812.014. Therefore, the fact that the convictions were five years from the date of appellant's conviction was immaterial. The trial court also held that appellant failed to allege any fact to support his "naked conclusion that in County Court he waived constitutional rights without knowingly and intelligently doing so."
At his revocation of probation hearing, appellant again attempted to attack his prior convictions by arguing that they were uncounseled. The trial court held that appellant was attempting to collaterally attack the judgment and sentence putting him on probation. The trial court did not permit appellant to present evidence as to the allegedly uncounseled nature of his prior convictions.
The trial court revoked appellant's probation. Scoring for appellant's offense resulted in a recommendation within the "any nonstate prison sanction" range. The trial court, relying on Florida Rule of Criminal Procedure 3.701(d)(14) which permits a one cell increase for a probation violation, increased appellant's sentence to the next cell, "community control or twelve to thirty months' incarceration." The trial court sentenced appellant to thirty months' incarceration within the Department of Corrections followed by eighteen months' community control with credit being given to him for 96 days of time already served. Appellant raises three points on appeal. We find merit in two of them.
First, appellant contends that the trial court erred when it denied him an opportunity to show the allegedly uncounseled nature of his prior convictions. We agree. Prior uncounseled convictions may not be included on a guidelines scoresheet if the defendant had a right to counsel and did not waive his right to counsel. Leffew v. State, 518 So.2d 1376 (Fla. 2d DCA 1988), Croft v. State, 513 So.2d 759, 761 (Fla. 2d DCA 1987); Smith v. State, 498 So.2d 1009 (Fla. 2d DCA 1986); see also Price v. State, 519 So.2d 76 (Fla. 2d DCA 1988). The defendant has the burden of showing that the prior convictions were uncounseled. Croft at 761; Smith at 1010. In the instant case, the trial court committed reversible error when it failed to permit appellant the opportunity to introduce evidence of the allegedly uncounseled nature of his prior convictions.
Second, appellant contends that the trial court improperly departed from the sentencing guidelines recommended range when it sentenced appellant to a combination of imprisonment and community control without providing a written reason for departure. As support for this position, appellant argues that the Florida Supreme Court recently held that "when the presumptive guideline sentence directs community control or incarceration, the imposition of both represents a departure from the sentencing guidelines, requiring proper written reasons for the departure." State v. Van Kooten, 522 So.2d 830 (Fla. 1988). We note the able trial judge below did not have the benefit of the foregoing decision at the time of sentencing.
Applying Van Kooten to the circumstances of this case, we issued an opinion *774 affirming and reversing in part the action of the trial judge. That opinion is identified as Waldron v. State, No. 87-443 (Fla. 2d DCA May 6, 1988) [13 F.L.W. 1087]. However, on motion for rehearing, the state reminded us of our decision reached in Daughtry v. State, 521 So.2d 208 (Fla. 2d DCA 1988) and the teachings of Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
We grant the motion for rehearing and withdraw the opinion of Waldron v. State, No. 87-443 (Fla. 2d DCA May 6, 1988) [13 F.L.W. 1087] and substitute therefor this opinion. We also recede from our position taken in the line of cases represented by Teaford v. State, 524 So.2d 1162 (Fla. 2d DCA 1988), holding that the trial court must resentence a defendant who has been improperly sentenced within the sentencing guidelines where the trial court did not state reasons for departure previously.
Citing Daughtry v. State, 521 So.2d 208 (Fla. 2d DCA 1988), the state contends that where a trial court offers no reasons for departure in the original sentencing proceeding, upon remand, that trial court may depart from the presumptive guidelines range if such departure can be buttressed by valid written reasons.
Shull v. Dugger, 515 So.2d 748 (Fla. 1987) requires resentencing within the sentencing guidelines presumptive range only where the trial court provides invalid reasons for departure. Shull does not address the situation wherein a trial judge does not offer reasons for departure because at the time of sentencing, the sentence imposed by the court is not considered to be a departure from the sentencing guidelines. We hold that where a trial court does not provide reasons for departure and the sentence imposed is later determined to be a departure, the trial court must be given an opportunity to depart from the presumptive guidelines sentence after remand for resentencing. Daughtry.
Thus, upon remand in the instant case, if the trial court determines that appellant's prior convictions were uncounseled, and appellant had a right to counsel, which right was not waived, the trial court may not include appellant's prior convictions in the calculation of appellant's sentence. Regardless of the counseled or uncounseled nature of the convictions, the trial court may depart from the sentencing guidelines upon providing a valid written reason for such departure.
So, in sum, we affirm the trial court's order revoking probation, reverse the sentence imposed and remand for further proceedings consistent with this opinion.
CAMPBELL, C.J., and SCHEB, DANAHY, SCHOONOVER, LEHAN, FRANK, HALL, THREADGILL, and PARKER, JJ., concur.