534 So.2d 1225 (1988)
Doyal Powell ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-50.
District Court of Appeal of Florida, First District.
December 12, 1988.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant was initially convicted of sexual battery and burglary and sentenced to concurrent terms of 27 years in prison, the guidelines range being 22 to 27 years.
After failing to challenge his sentence on direct appeal,[1] appellant filed a motion to correct his sentences, alleging that his scoresheet was incorrect. Appellant prevailed on appeal, and this court ordered that the scoresheet be corrected and appellant resentenced. Roberts v. State, 507 So.2d 761 (Fla. 1st DCA 1987).
A new guidelines scoresheet was prepared, which called for a 17 to 22 year range. Pursuant to the state's request, the judge departed from the new guidelines range and imposed the same 27-year sentence imposed originally. This appeal followed.
Appellant asserts that when the case was remanded for resentencing under the corrected scoresheet, the trial court was not at liberty to impose a sentence in excess of the guidelines. Appellant relies upon Shull v. Dugger, 515 So.2d 748 (Fla. 1987). Such reliance is misplaced. Shull held that when all reasons given by the trial court for departure are found invalid, the trial court, on resentencing, must impose sentence within the guidelines range. In other words, the trial court is precluded from *1226 imposing a departure sentence based upon new reasons.
In the instant case, the original sentence was within the range of sentences reflected by the original scoresheet, albeit the scoresheet was later found to be in error. Since no departure took place, no reason was assigned, or needed to be assigned.
We realize that the Third District has construed Shull in a manner consistent with appellant's position and therefore has reached a result opposite to ours. We therefore certify conflict with Harrison v. State, 523 So.2d 726 (Fla. 3rd DCA 1988). We follow our earlier decision in Chaplin v. State, 473 So.2d 842, 844 (Fla. 1st DCA 1985), as approved by the Supreme Court in State v. Chaplin, 490 So.2d 52, 53 (fn. 1) (Fla. 1986). The Second District has reached the same conclusion as we have in its en banc opinion in Waldron v. State, 529 So.2d 772 (Fla. 2nd DCA 1988). The Waldron court stated:

Shull v. Dugger, 515 So.2d 748 (Fla. 1987) requires resentencing within the sentencing guidelines presumptive range only where the trial court provides invalid reasons for departure. Shull does not address the situation wherein a trial judge does not offer reasons for departure because at the time of sentencing, the sentence imposed by the court is not considered to be a departure from the sentencing guidelines. We hold that where a trial court does not provide reasons for departure and the sentence imposed is later determined to be a departure, the trial court must be given an opportunity to depart from the presumptive guidelines sentence after remand for resentencing. Daughtry [v. State, 521 So.2d 208 (Fla. 2nd DCA 1988)]
Id. at 774. We fully agree with that analysis.
AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Roberts v. State, 491 So.2d 1147 (Fla. 1st DCA 1986).