535 So.2d 332 (1988)
James Carl BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1291.
District Court of Appeal of Florida, First District.
December 12, 1988.
James Carl Brown, pro se.
No appearance for the state.
NIMMONS, Judge.
Brown appeals from the summary denial of his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rule of Criminal Procedure, attacking his convictions and sentences. We find his challenges to his convictions meritless but reverse and remand for resentencing.
Appellant was convicted in November 1984 of armed sexual battery, kidnapping and burglary. The sentencing guidelines in effect on the date of the commission of the offenses (December 4, 1983) yielded a recommended sentence of 17 to 22 years imprisonment. Under the amended guidelines which took effect July 1, 1984 and were therefore in effect at the time of appellant's December 1984 sentencing, however, the recommended sentence was life imprisonment. Over appellant's objection, the trial court applied the amended guidelines and imposed the recommended sentence of life imprisonment.
Appellant argued on direct appeal that his sentence violated the ex post facto clause of the United States Constitution. Relying upon State v. Jackson, 478 So.2d 1054 (Fla. 1985), we rejected his contention and affirmed. Brown v. State, 487 So.2d 392 (Fla. 1st DCA 1986). The Florida Supreme Court subsequently reached the same conclusion in State v. Miller, 488 So.2d 820 (Fla. 1986). However, in Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the United States Supreme Court reversed the Florida Supreme Court's holding and held that retroactive application of the more severe sentencing guidelines violated the ex post facto clause.
Appellant then raised his ex post facto claim in the instant motion. The trial court denied this contention on the ground that appellant was attempting to raise matters which had been litigated on direct appeal.
Appellant's sentence was, of course, proper under the law in effect at the time of his direct appeal. Therefore, in order *333 for appellant to receive the benefit of later case law holding a sentence such as his invalid, we would have to conclude that the United States Supreme Court's Miller holding applies retroactively. In Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987), the Second District concluded that it does, and we agree.
In Witt v. State, 387 So.2d 922 (Fla. 1980), the Florida Supreme Court stated that the question of whether a change in the law is to apply retroactively in a claim for post conviction relief represents "a conflict between two important goals of the criminal justice system-ensuring finality of decisions on the one hand, and ensuring fairness and uniformity in individual cases on the other... ." Id. at 924-25. The Court further stated:
Without attempting to survey this relatively unsatisfactory body of law, we note that the essential considerations in determining whether a new rule of law should be applied retroactively are essentially three: (a) the purpose to be served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of a retroactive application of the new rule. [Citations omitted.]
Id. at 926. The Court emphasized that only major constitutional changes of law will entitle a movant to collateral relief.
The clear import of Witt is that retroactive application of changes in the law is to be very much the exception rather than the rule. Applying the principles of Witt to appellant's case, we find that this is one of those instances in which an exception should be made. The interests of fairness and uniformity are compelling; the selection of the guidelines scoresheet on the basis of the guidelines in effect at the time of sentencing allows the sentence to be determined to a great extent by the happenstance of trial scheduling in a manner which we now recognize as constitutionally prohibited. Two defendants committing comparable offenses on the same day could have received drastically disparate treatment due to one defendant's good fortune in concluding his trial and being sentenced prior to the effective date of the harsher guidelines scoring system. Appellant argued on direct appeal that had his trial proceeded on schedule without any continuances, he would very likely have been sentenced while the more lenient guidelines were still in effect.[1]
We also find that retroactive application of Miller will not impose an excessive burden upon the criminal justice system. We agree with Dupont that a Miller violation is an "incorrect calculation" subject to correction at any time under Florida Rule of Criminal Procedure 3.800(a).[2] A Miller violation is readily apparent from the face of the record and the remedy is equally straightforward. The ready availability of the Rule 3.800(a) remedy to defendants alleging scoresheet errors or other defects in their sentences indicates that expanding the remedy to afford relief to appellant is in keeping with the purpose of the rule and will not unduly burden the courts.
Since the trial court inadvertently imposed what amounts to a departure sentence without providing reasons therefor, the question arises whether Shull v. Dugger, 515 So.2d 748 (Fla. 1987) prohibits the imposition of a departure sentence upon remand. In Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988), as in the instant *334 case, the trial court imposed what amounted to an upward departure, under the mistaken impression that the sentence was within the recommended range. The Third District found that to allow the trial court to depart upward on remand would violate "the thrust, if not the precise holding" of Shull and ordered resentencing within the guidelines recommended range.[3]
However, we have recently reached a conclusion contra to Harrison in Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988). There we said:
[T]he original sentence was within the range of sentences reflected by the original scoresheet, albeit the scoresheet was later found to be in error. Since no departure took place, no reason was assigned, or needed to be assigned.
We realize that the Third District has construed Shull in a manner consistent with appellant's position and therefore has reached a result opposite to ours. We therefore certify conflict with Harrison v. State, 523 So.2d 726 (Fla. 3rd DCA 1988). We follow our earlier decision in Chaplin v. State, 473 So.2d 842, 844 (Fla. 1st DCA 1985), as approved by the Supreme Court in State v. Chaplin, 490 So.2d 52, 53 (Fn. 1) (Fla. 1986).
534 So.2d at 1226. We further cited with approval the Second District's opinion in Waldron v. State, 529 So.2d 772 (Fla. 2nd DCA 1988), which also is contra to the Harrison holding, as is the recent Fifth District opinion in Dyer v. State, 534 So.2d 843 (Fla. 5th DCA 1988). We, therefore, adhere to our Roberts holding.
We reverse the denial of appellant's motion as it pertains to his sentence, and remand for resentencing. The trial court's order is in all other respects affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
SMITH, C.J., and MILLS, J., concur.
NOTES
[1] The Supreme Court emphasized fairness considerations in Bass v. State, 530 So.2d 282 (Fla. 1988), holding that Palmer v. State, 438 So.2d 1 (Fla. 1983) (three-year mandatory minimum sentences may not be imposed consecutively for separate offenses arising from a single criminal transaction or episode) applies retroactively. The Court observed:

[I]t would be manifestly unfair for prisoners such as Bass, who received consecutive minimum mandatory sentences prior to Palmer, to be treated differently from those who had the good fortune of being sentenced for similar conduct after that decision was rendered.
530 So.2d at 283. Bass held that as a matter of policy Palmer should apply retroactively. While we find this rationale applicable to the instant case, we do not construe Bass as manifesting any general intent to relax the strict standard of Witt, which the Supreme Court recently reaffirmed in McCuiston v. State, 534 So.2d 1144 (Fla. 1988).
[2] Fla.R.Cr.P. 3.800(a) states: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet."
[3] But see State v. Wayda, 533 So.2d 939 (Fla. 3d DCA 1988) (Shull inapplicable where downward departure is reversed for failure to provide any reasons at all).