LEHAN, Acting Chief Judge.
Defendant questions on appeal the calculation of the scoresheet used to determine his guidelines recommended sentence. We reverse.
Defendant was convicted of a sexual battery which occurred in 1985 and was placed on ten years probation. In 1987 his probation was revoked based upon his convictions for sexual battery, kidnapping and aggravated assault, which occurred in 1986. He had been sentenced by another circuit court for those convictions. The scoresheet prepared after the 1987 revocation of probation for his sentencing on the 1985 sexual battery included points for the 1986 crimes under the category of prior offenses.
On appeal defendant contends that it was error to score the 1986 crimes as prior offenses. We agree. Defendant had already been sentenced for those crimes. Also, offenses committed after the offense for which a sentence is imposed cannot be included as prior offenses under Fla.R.Crim.P. 3.701(d)(5)(a). However, the subsequent offenses in this case could provide valid reasons for departure from the guidelines recommended sentence as constituting serious violations of defendant’s probation. See Pentaude v. State, 500 So.2d 526, 528-29 (Fla.1987). On remand the trial court may depart from the recommended guidelines sentence on the foregoing basis. See Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988).
Reversed and remanded for resentenc-ing.
PATTERSON and ALTENBERND, JJ., concur.