547 So.2d 129 (1989)
Doyal Powell ROBERTS, Petitioner,
v.
STATE of Florida, Respondent.
No. 73439.
Supreme Court of Florida.
July 27, 1989.
*130 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988). The district court affirmed a departure sentence, rejecting Roberts' claim that no departure was allowed in a resentencing when the trial judge did not originally depart and the resentencing was due to an improper calculation of the sentencing guidelines scoresheet. The district court certified conflict with Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we approve the instant district court decision and disapprove Harrison.
The material facts reflect that Doyal Powell Roberts was convicted in 1985 of sexual battery with the threat of great force and burglary of a dwelling with assault. The trial court sentenced Roberts to concurrent terms of twenty-seven years in prison, the maximum possible under the sentencing guidelines scoresheet prepared for that sentence. The district court affirmed per curiam Roberts' appeal on the merits. Roberts v. State, 491 So.2d 1147 (Fla. 1st DCA 1986). Subsequently, Roberts filed a motion under Florida Rule of Criminal Procedure 3.800 to correct or reduce his sentence, alleging the sentencing guidelines scoresheet was calculated in error. The trial court denied relief, but the district court found that the scoresheet in fact had been incorrectly calculated and directed that Roberts be resentenced. Roberts v. State, 507 So.2d 761 (Fla. 1st DCA 1987). Upon remand, the trial court, with a new judge presiding, considered the appropriate sentence with a new scoresheet which called for a sentence of from seventeen to twenty-two years, rather than the presumptive sentence of twenty-two to twenty-seven years on the original scoresheet. This difference resulted from a different scoring of prior convictions. The trial court imposed a twenty-seven-year sentence with credit for all time served and, in doing so, entered a five-page order setting forth with specificity the reasons for departure. The validity of those reasons is not in issue in this proceeding.
Roberts appealed this second sentence to the district court, arguing that the successor sentencing judge should not have entered a departure sentence when the original sentencing judge saw no reason to depart from the original recommended guidelines range. Roberts argued that the situation is no different from that which occurs when a defendant successfully attacks all of the reasons for departure. The district court in the instant case rejected this contention and relied on our decision in State v. Chaplin, 490 So.2d 52 (Fla. 1986), and the Second District Court of Appeal's decision in Waldron v. State, 529 So.2d 772 (Fla.2d DCA 1988). It quoted with approval the following reasoning in Waldron:

Shull v. Dugger, 515 So.2d 748 (Fla. 1987) requires resentencing within the sentencing guidelines presumptive range only where the trial court provides invalid reasons for departure. Shull does not address the situation wherein a trial judge does not offer reasons for departure because at the time of sentencing, the sentence imposed by the court is not considered to be a departure from the sentencing guidelines. We hold that where a trial court does not provide reasons for departure and the sentence imposed is later determined to be a departure, the trial court must be given an opportunity to depart from the presumptive guidelines sentence after remand for resentencing.
Id. at 774 (citation omitted). The district court expressly acknowledged conflict with the Third District Court of Appeal's decision in Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988).
We agree with the district court and find our decisions in Shull v. Dugger, 515 So.2d 748 *131 (Fla. 1987), and Smith v. State, 536 So.2d 1021 (Fla. 1988), do not apply in this instance. Those cases are distinguishable from the instant case because they each involved an original sentence which was a departure sentence. In contrast, Roberts' original sentence was not a departure sentence so no reasons for departure were ever found to be invalid by the district court. In State v. Chaplin, 490 So.2d 52 (Fla. 1986), we held that an accurate scoresheet is necessary for a proper sentencing decision and, in a footnote, stated:
We agree with the district court that respondent is entitled to have his guidelines score sheet correctly calculated and, similarly, that the trial court should be given an opportunity to consider whether departure from the guidelines should be ordered.

Id. at 53 n. 1 (citation omitted, emphasis added). We find, consistent with our statement in Chaplin, that a judge who finds a higher guidelines range sufficient when using an improperly calculated scoresheet might not necessarily find sufficient a lower guidelines range resulting from a correct scoresheet when a defendant is back before him for resentencing. We hold that it is proper for the judge to reconsider whether a departure from the guidelines is appropriate when the corrected guidelines scoresheet is before him on remand.
Accordingly, we approve the decision of the First District Court of Appeal in the instant case and the decisions in Jones v. State, 540 So.2d 245 (Fla. 4th DCA 1989); Brown v. State, 535 So.2d 332 (Fla. 1st DCA 1988); and Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988). We disapprove the decision of the Third District Court of Appeal in Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988).
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.