552 So.2d 1107 (1989)
STATE of Florida, Petitioner,
v.
Roberto L. BETANCOURT, Respondent.
No. 73806.
Supreme Court of Florida.
November 22, 1989.
*1108 Robert A. Butterworth, Atty. Gen., and Debora J. Turner and Jorge Espinosa, Asst. Attys. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, Miami, for respondent.
OVERTON, Justice.
This cause is before us on petition to review Betancourt v. State, 550 So.2d 1121 (Fla. 3d DCA 1989). The district court reversed Betancourt's sentence, finding that the trial judge had departed from the sentencing guidelines without written reasons, and directed that Betancourt be resentenced within the guidelines range on remand. We have jurisdiction because of conflict with Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988), approved, 547 So.2d 129 (Fla. 1989), and Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988) (en banc). Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we quash that part of the district court decision which mandates that the trial court resentence within the sentencing guidelines.
The relevant facts reflect that Roberto L. Betancourt was convicted of armed robbery with a deadly weapon. The trial judge sentenced him as a youthful offender to a split sentence of four years of incarceration followed by two years of community control. There is no indication in the record that the trial court considered this sentence to be a departure from the sentencing guidelines, and the trial court gave no reasons for departure. The Third District Court reversed Betancourt's sentence because the aggregate of his term of incarceration and his term of community control exceeded the recommended guidelines sentence of three and one-half to four and one-half years incarceration. The district court held that the sentence in this case was a departure sentence, and that valid reasons for such departure must be set forth in writing under the Youthful Offender Act, section 958.04(3), Florida Statutes (1987). The district court remanded the case to the trial court for resentencing within the guidelines, relying on its prior decision in Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988).
Although we agree with the Third District Court of Appeal that Betancourt's original sentence must be characterized as a departure sentence, see State v. Mestas, 507 So.2d 587 (Fla. 1987), we disagree with the district court's holding that the trial court must sentence Betancourt within the guidelines on remand. In our recent opinion in Roberts, we held that "it is proper for a judge to reconsider whether a departure from the guidelines is appropriate ... on remand" when the trial judge has not yet had an opportunity to consider reasons for departure. 547 So.2d at 131. We specifically disapproved Harrison. In Roberts, the trial judge imposed an improper sentence, characterized by the district court as a departure sentence, because of an improperly calculated scoresheet. He did not know that he was imposing a departure sentence, which required written reasons for departure. Similarly, in the instant case, the trial judge did not know that she was imposing a departure sentence, which required written reasons for departure. We cannot find any material distinction between these two cases. However, we can distinguish both of these situations from an initial sentencing in which the trial judge has used invalid reasons in imposing a departure sentence. We conclude, in accordance with Roberts, that the trial judge in the instant case must be allowed to consider on remand whether departure is appropriate and, if so, to set forth valid reasons for departure.
Accordingly, we approve the Third District Court of Appeal's reversal of Betancourt's *1109 sentence but disapprove its instruction that Betancourt be resentenced within the sentencing guidelines on remand. The district court is directed to remand with directions to comply with the views expressed in this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.