553 So.2d 1292 (1989)
Timothy E. COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 89-489.
District Court of Appeal of Florida, First District.
December 11, 1989.
Rehearing Denied January 9, 1990.
Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellee.
*1293 ERVIN, Judge.
Appellant appeals the trial court's denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), contending, among other things, that the sentences were illegally imposed following revocation of an earlier split sentence, because the trial court, in resentencing appellant, failed to allow all gain-time accrued on the incarcerative portion of his earlier split sentence. We affirm two of the three points raised by appellant without further discussion, because they were not brought to the attention of the trial court in the motion to correct, and address only that point relating to the trial court's disallowance of gain-time credit. On this issue, we reverse and remand for resentencing.
Appellant was convicted for certain crimes and sentenced on June 6, 1985 to three years' imprisonment followed by four years' probation. On February 26, 1988, appellant's probation was revoked, and he was sentenced to five years' probation on three counts to be served concurrently. On November 10, 1988, appellant's probation was again revoked and he was sentenced to concurrent five-year prison terms for offenses committed in three different cases, and to a concurrent fifteen-year prison term, based upon a separate offense.
Appellant argued at the sentencing hearing that he was entitled to credit for the full three-year incarcerative sentence he had previously served, including all accrued gain-time that contributed to his early release. On November 16, 1988, the court granted appellant credit for actual time served in the amount of 647 days, but did not give credit for gain-time. Appellant did not appeal.
On December 28, 1988, this court issued its opinion in Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988) (hereafter Green I), holding that a trial court must give credit for gain-time earned when sentencing a defendant after violation of probation. On February 3, 1989, appellant, relying on Green I, filed a motion pursuant to Rule 3.800(a) to correct his sentences, seeking to obtain credit for the gain-time he had earned during his first term of incarceration. The trial court denied the motion by written order entered February 15, 1989, on the grounds that (1) the sentence was not illegal, and (2) to grant such relief would require retroactive application of Green I, which the court declined to do. Appellant appealed this order, which is the subject of the instant appeal. On July 20, 1989, during the pendency of this appeal, the supreme court issued State v. Green, 547 So.2d 925 (Fla. 1989) (hereafter Green II), upholding this court's decision in Green I.
Initially, we observe that had appellant directly appealed his sentence disallowing gain-time credit, Green I, although decided after the sentences were imposed, would clearly have controlled the outcome in accordance with the rule that decisional law in effect at the time of an appeal governs a case. Lowe v. Price, 437 So.2d 142, 144 (Fla. 1983). The issue for our consideration is whether Green I and Green II can be applied retroactively to sentences that were imposed and became final due to the lack of a timely appeal before these decisions were issued.
If the change of law articulated in Green II meets certain criteria established in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), it should be applied retroactively via motions for post-conviction relief. To justify retroactivity, a judicial change in the law must (1) be contained in a decision rendered by the Florida or United States Supreme Courts, (2) be constitutional in nature, and (3) represent a fundamentally significant development rather than an evolutionary refinement of the law. Id. at 931. The existence of the first element is obvious. Moreover, credit for gain-time is a constitutional matter. North Carolina v. Pearce, 395 U.S. 711, 718-19 & n. 13, 89 S.Ct. 2072, 2077 & n. 13, 23 L.Ed.2d 656, 665 & n. 13 (1969).
To determine element (3), whether a judicial change in law is fundamentally significant, *1294 Witt requires consideration of three additional factors: "(a) the purpose to be served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of a retroactive application of the new rule." Witt, 387 So.2d at 926. One purpose of the new rule stated in Green II is to ensure that the goals underlying the provisions of Section 944.275, Florida Statutes (1987), authorizing gain-time to prisoners, are preserved throughout the different procedural phases and forums of the criminal justice system.[1] The Green II rule also fosters consistency in sentencing by making certain that all trial judges take earned gain-time into account when resentencing probation violators. Green II also precludes courts from usurping a function that has been delegated by statute to the Department of Corrections, namely, forfeiture of a prisoner's gain-time. § 944.28, Fla. Stat. (1987).
Factors (b) and (c) under Witt are somewhat interrelated. Although numerous trial judges may have imposed sentences based upon actual days served in prison without credit for gain-time earned, the correction of such error is essentially an administrative task requiring review of records indicating prior gain-time earned and the sentence imposed. This is comparable to the task envisioned by this court in Brown v. State, 535 So.2d 332 (Fla. 1st DCA 1988), in which a decision prohibiting ex post facto application of new sentencing guidelines was applied retroactively. This court stated that such ex post facto application "is readily apparent from the face of the record and the remedy is equally straightforward." Id. at 333. Therefore, retroactive application would "not impose an excessive burden on the criminal justice system." Id.
This court's reference in Brown to Bass v. State, 530 So.2d 282 (Fla. 1988), is equally pertinent to this case. In Bass, the supreme court held that Palmer v. State, 438 So.2d 1 (Fla. 1983) (prohibiting consecutive three-year mandatory minimum sentences for offenses arising from a single criminal episode), should be applied retroactively. The supreme court stated that it would be "manifestly unfair" to treat prisoners differently depending upon whether they were sentenced before or after Palmer was decided. Bass, 530 So.2d at 283. It would be similarly unfair to deny prisoners their constitutional right to credit for gain-time simply because they were sentenced prior to Green II.
The Bass court also cited this court's decision in Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986)  relating to the imposition of consecutive, minimum mandatory sentences  for the proposition that an illegal sentence is subject to collateral attack by a motion for post-conviction relief. In Dowdell, this court stated that imposition of an illegal sentence is a fundamental error, because it could cause a defendant to serve a longer sentence than is permitted by law. Dowdell, 500 So.2d at 595 (quoting Pugh v. State, 423 So.2d 398 (Fla. 1st DCA), dismissed, 426 So.2d 28 (Fla. 1982)). Under Bass, Brown, and Dowdell, it appears that imposition of an illegal sentence is fundamental error, that the change in law articulated in Green II prohibiting forfeiture of gain-time is of fundamental significance, and that retroactive application will not unduly tax the criminal justice system.
AFFIRMED in part, REVERSED in part, and REMANDED for correction of appellant's sentence by allowing him all earned gain-time credits on his prior sentences.
SHIVERS, C.J., and NIMMONS, J., concur.
NOTES
[1] Such goals are to "encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services." § 944.275(1), Fla. Stat. (1987).