561 So.2d 584 (1990)
STATE of Florida, Petitioner,
v.
Timothy VANHORN, Respondent.
No. 74457.
Supreme Court of Florida.
May 31, 1990.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott and Michael J. Neimand, Asst. Attys. Gen., Miami, and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for petitioner.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, Miami, for respondent.
KOGAN, Justice.
We have for review Vanhorn v. State, 545 So.2d 971 (Fla. 3rd DCA 1989), based on certified conflict with Brown v. State, 535 So.2d 332 (Fla. 1st DCA 1988); Dyer v. State, 534 So.2d 843 (Fla. 5th DCA 1988); and Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
*585 Vanhorn was charged by information with several offenses committed on March 11, 1984. He pleaded guilty to some of the charges and was sentenced on July 5, 1984  only four days after amendments to the sentencing guidelines took effect. Under the former guidelines, Vanhorn's recommended sentence was between five and a half and seven years' imprisonment. Under the amendments, however, the range was twelve to seventeen years. Over a defense objection, the trial court used the amended guidelines and imposed a sentence of seventeen years. However, the judge denied a separate state request to depart upward and thereby impose a more severe sentence.
Vanhorn unsuccessfully sought appellate relief in the state courts alleging an ex post facto violation. Vanhorn v. State, 485 So.2d 1380, 1381 (Fla. 3rd DCA 1986), approved, 498 So.2d 426 (Fla. 1986). Eventually, Vanhorn won his claim in a habeas action filed in federal district court. Based on the subsequent decision of the United States Supreme Court in Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the district court judge ordered Florida to conduct a new sentencing hearing for Vanhorn.
At resentencing, the state again asked the trial court to impose a departure sentence. Vanhorn, however, contended that departure also would violate the ex post facto clause of the Constitution, since the trial court had declined to impose such a sentence before. Nevertheless, the trial court agreed with the state and imposed a departure sentence totaling seventeen years. It gave the following reasons:
1. Defendant has exhibited an escalating pattern of criminal behavior which has become violent in nature.
2. The victims in this case were particularly vulnerable, being women of advanced years, 82 and 69, and the court does not depart for this reason based on gender alone.
3. The court finds that the weapon used in the assault in this case was brought with the defendant adding a heightened degree of premeditation.
The court would depart for any of the above reasons independent of the others.
Vanhorn again appealed to the Third District Court. Based on its decision in Harrison v. State, 523 So.2d 726 (Fla. 3rd DCA 1988), the district court reversed the departure sentence and remanded for imposition of a guidelines sentence.
As Vanhorn now acknowledges, this Court subsequently has disapproved the Third District Court's Harrison opinion. Roberts v. State, 547 So.2d 129, 131 (Fla. 1989). Thus, a departure sentence is permissible on remand if the trial court erroneously believed it was imposing a sentence falling within the guidelines' range while giving no reasons for what amounted to a de facto upward departure. Id. See also Jones v. State, 540 So.2d 245 (Fla. 4th DCA 1989), approved in part and quashed in part, 559 So.2d 204 (Fla. 1990); Brown; Dyer; Waldron. Accordingly, the trial court properly considered the state's request for a departure sentence in the remand at issue here.
Vanhorn, however, also argues that the reasons for departure in this instance were invalid  an issue that he concedes he did not raise in his pro se appeal to the Third District Court. However, we need not consider whether a procedural bar applies in this instance because we believe one of the reasons is both valid and supports the trial court's departure sentence beyond any reasonable doubt. See Albritton v. State, 476 So.2d 158, 160 (Fla. 1985).
As its first reason for departure, the trial court concluded that Vanhorn exhibited an escalating pattern of criminal behavior, a factor approved as a basis for departure in Keys v. State, 500 So.2d 134 (Fla. 1986). The record before this Court clearly supports this factual finding. Vanhorn's history of crime has escalated from disturbing the peace, to burglary in 1979, to burglary of a dwelling with threats in 1983, and finally to the present case involving burglary of a dwelling, assault, aggravated battery and attempted sexual battery. This behavior clearly constitutes an escalating pattern of criminality and is a valid reason for departure.
*586 We agree with Vanhorn that the remaining reasons for departure, at least within the factual context of this particular case, are invalid. See State v. Mischler, 488 So.2d 523 (Fla. 1986). However, having examined the record in its entirety, we believe the state has proven beyond any reasonable doubt that the departure sentence would have been imposed based entirely on Vanhorn's escalating pattern of criminality. Accordingly, the departure sentence was proper. Albritton, 476 So.2d at 160.
We quash the opinion of the district court and reinstate the trial court's sentencing order.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.