PER CURIAM.
We affirm appellant’s conviction for driving under the influence which caused the death of a human being (DUI manslaughter) in violation of section 316.193, of the Florida Statutes (1987).
However, appellant contends, and the state properly concedes, that the trial court erred in sentencing appellant outside the guidelines without providing contemporaneous written reasons justifying departure. Accordingly, we vacate appellant’s sentence and remand for resentencing. Robinson v. State, 520 So.2d 1 (Fla.1988); Edwards v. State, 570 So.2d 1159 (Fla. 5th DCA 1990). Appellant committed the instant offense prior to July 1, 1988, the effective date of the amendment to Rule 3.988 of the Florida Rules of Criminal Pro *236 cedure establishing the broader permitted sentencing ranges. Ch. 88-131, § 1, Laws of Fla. The trial court apparently imposed sentence in this case on the mistaken belief that the permitted range was applicable. Because the record does not indicate that the trial court realized that it was imposing a departure sentence, on remand the trial court is permitted to consider whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989).
Judgment AFFIRMED; sentence REVERSED; and cause REMANDED.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.