PER CURIAM.
James E. Lang appeals the denial of his motion to correct the amount of jail credit time received. We reverse.
On June 27, 1986, the court sentenced appellant to four years’ imprisonment to be followed by two years’ community control. After appellant’s release from prison, he was arrested on January 13, 1988, for violating community control. On June 17, 1988, he was sentenced to six years in prison on the original offense.
Appellant concedes he was given the proper amount of credit for time actually spent incarcerated during the prison term of his original sentence and while he was awaiting sentencing after his arrest for violating community control. He contends, however, that he failed to receive credit for gain-time earned while he was incarcerated on the original sentence. If this allegation is true, appellant may be entitled to relief. See State v. Green, 547 So.2d 925 (Fla.1989); Cook v. State, 553 So.2d 1292 (Fla. 1st DCA 1989) (Green has retroactive application).
Accordingly, we reverse the order of denial and remand for further proceedings. Should the trial court again deny the motion on remand, then it must attach portions of the record that refute the appellant’s allegation. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed and remanded.
FRANK, A.C.J., and PARKER and PATTERSON, JJ., concur.