ERVIN, Judge,
concurring.
I concur in affirming the trial court’s summary denial of appellant’s 3.850 motion *547 because the allegations contained therein were facially insufficient and/or unsupported by the record.
By affirming the order without prejudice to appellant’s right to file a new motion addressing the minimum mandatory sentence issue, we do no violence to that portion of Florida Rule of Criminal Procedure 3.850 precluding the filing of a second or successive motion based on the movant’s failure to assert such grounds in a prior motion. Obviously, the filing of a second motion based upon a change in the law occurring during the pendency of an appeal, such as the Florida Supreme Court’s decision in Daniels v. State, 595 So.2d 952 (Fla.1992), cannot be considered an abuse of procedure. Indeed, the Florida Supreme Court has also recently stated that any decision of an appellate court announcing a new rule of law, or merely applying an established rule of law to a different or new factual situation must be given retroactive application by the courts of this state in every case pending on direct review. Smith v. State, 598 So.2d 1063, (Fla.1992). See also Cook v. State, 553 So.2d 1292 (Fla. 1st DCA1989).
In that appellant obviously did not have a clearly recognized opportunity to assert the violation of the Daniels rule at the time his 3.850 motion was pending below, he cannot be considered barred from seeking relief on such ground in any later motion filed by him.