PARKER, Acting Chief Judge.
Ricardo Garcia filed in the trial court a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he alleged that his sentencing guidelines scoresheet total of 220 points entitled him to a sentence not to exceed seventeen years unless the sentencing order included written reasons for departure. Garcia’s original sentence was nineteen years, and the trial court entered no written order of departure. The trial court denied Garcia’s motion, finding that the 220 points listed on the scoresheet allowed for a permitted sentencing range of nine to twenty-two years, and that Garcia’s sentence of nineteen years was not error. We conclude that finding was error.
Garcia alleges and the state concedes that Garcia’s sentence requires use of the category seven (drugs) guidelines sentence and that 220 points under that category contains a permitted range of sentencing to be seven to seventeen years. It appears that the person preparing the scoresheet must have mistaken the category six guidelines for category seven, which would have permitted a nine to twenty-two year sentence. The trial court’s denial of Garcia’s motion, therefore, was error.
Upon remand, the resentencing is controlled by Roberts v. State, 547 So.2d 129 (Fla.1989). Roberts holds that it is proper for the trial judge to reconsider whether a departure from the guidelines is appropriate when the corrected guidelines scoresheet is before him on remand. We, therefore, vacate Garcia’s nineteen year sentence and remand the case to the trial court for correction of the scoresheet and resentencing pursuant to Roberts.
PATTERSON and ALTENBERND, JJ., concur.