PER CURIAM.
The defendant, Bennie Lee Pearson, appeals from the upward departure sentence, imposed on remand, for second degree murder with a firearm. We affirm.
The defendant was convicted of second degree murder with a firearm. He was sentenced as a habitual violent felony offender to fifty years in prison with a mandatory minimum of fifteen years without eligibility of parole. On appeal, the sentence was reversed and remanded for resentencing. Pearson v. State, 603 So.2d 676 (Fla. 3d DCA 1992), rev’d. in part, 616 So.2d 49 (Fla.1993).
On remand, the recommended guidelines range for second degree murder with a firearm was seventeen to twenty-two years in prison, and the permitted range was twelve to twenty-seven years in prison. The State filed a written motion requesting an upward departure on the basis that the defendant had exhibited “an escalating pattern of criminal conduct.” In opposition, the defendant filed a written motion requesting a sentence below or within the guidelines.
*211 At the resentencing hearing, the State presented certified copies of defendant’s prior convictions, an affidavit from the Department of Corrections, and a detailed history of defendant’s criminal history. The State argued that the defendant’s prior convictions showed “an escalating pattern of criminal conduct” that justified a departure sentence. The defendant’s convictions included resisting with violence, burglary to a conveyance, grand theft, resisting without violence, grand theft, strong-arm robbery, aiding in an escape, and finally, second-degree murder with a firearm.
The court imposed an upward departure sentence of forty years in prison with a three year minimum mandatory term for the use of a firearm. The reason for the departure was noted on the sentencing scoresheet as follows: “Defendant has shown an escalating pattern of criminal behavior.” This appeal follows.
The defendant contends that the trial court abused its discretion by departing upward from the sentencing guidelines based on an escalating pattern of criminal behavior, by failing to recite, either orally or in writing, the offenses demonstrating the escalating pattern of criminal behavior, and by failing to make findings as to the timing of each offense in relation to prior offenses and the releases from incarceration. We disagree.
An “escalating pattern of criminal behavior” is a factor that has been approved by the Florida Supreme Court as a basis for departure from the guidelines sentence. State v. Vanhorn, 561 So.2d 584, 585 (Fla.1990); Keys v. State, 500 So.2d 134 (Fla.1986). Moreover, “[a] written notation on the score-sheet has been held to fulfill the requirements of putting the reasons for departure in writing.” Maulden v. State, 539 So.2d 1165, 1166 (Fla. 4th DCA), review denied, 551 So.2d 462 (Fla.1989) (citing Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988)); Fla.R.Crim.P. 3.701(d)(ll). The trial court, by noting on the sentencing score-sheet that the defendant had shown an escalating pattern of criminal behavior, appropriately cited a valid reason for departure from the sentencing guidelines.
Furthermore, a review of the record clearly supports the lower court’s factual finding that the defendant exhibited an escalating pattern of criminal behavior. State v. Vanhorn, 561 So.2d 584, 585 (Fla.1990). The defendant’s history of crime has escalated from resisting with violence in February 1987; to burglary to a conveyance, grand theft, and resisting without violence in June 1987; to grand theft in December 1987; to strong-arm robbery in August 1988; to aiding in an escape in February. 1989; and finally to the present case, second degree murder with a firearm in November 1989. This list of crimes clearly establishes an escalating pattern of criminality through a progression of crimes from third degree felonies and misdemeanors, to a second degree felony, and finally, to a life felony. We find that the trial court did not abuse its discretion and properly imposed the upward departure sentence.
Affirmed.