THOMPSON, Justice.
Richard J. Powell appeals the sentence imposed by the trial court for Powell’s conviction for the offense of burglary of a structure. The burglary offense also formed the basis for a violation of probation. The trial court sentenced Powell to five years in the Department of Corrections (“DOC”) with credit for time served for the violation of probation. For the burglary offense, Powell received a concurrent sentence of 29.55 months in the DOC followed by two years drug offender probation. On appeal, Powell contends that the trial court erred in sen-' tenting him to 29.55 months in the DOC. We agree.
Powell was sentenced for the burglary offense based upon a 1994 sentencing guidelines scoresheet. In sentencing Powell to 29.55 months in the DOC, the trial court erred in two respects. Powell initially received 25.7 total sentencing points. The trial court first erred when it enhanced this total by 15% to raise the total to 29.55. A trial court can increase the total sentencing points by 15% only if the increase will yield a point total of over 40 points. See Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1094 (Fla.1993); Fla.R.Crim.P. 3.702 (1994). The trial court also erred when it imposed a state prison sentence. Even with the erroneous enhancement, Powell’s scoresheet total did not exceed 40 points. Because the point total was below 40, the trial court could not impose a state prison sentence, absent written reasons for such a departure. Thus, if incarcerated, Powell could only receive a county jail sentence. See Fla.R.Crim.P. 3.702(d)(16) (1994). For these reasons, we vacate the sentence imposed for the offense of burglary of a structure and remand for resentencing.
A review of the transcript and the sentencing guidelines scoresheet reveals that the trial court did not think it was imposing a departure sentence. The trial court did not articulate that a departure sentence was being imposed, nor did the court check the box indicating that it was imposing a departure sentence. Further, the trial court did not enter written reasons for a departure sentence. See Fla.R.Crim.P. 3.702(d)(18)(A). Because the trial court erroneously believed that it was imposing a guidelines sentence, upon remand it may either sentence Powell within the guidelines or enter written reasons why a departure sentence is appropri *384 ate. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Brown v. State, 632 So.2d 1052 (Fla. 5th DCA 1994); see also State v. Vanhorn, 561 So.2d 584 (Fla.1990).
SENTENCE VACATED and REMANDED with instructions.
DAUKSCH and W. SHARP, JJ„ concur.