GRIFFIN, Judge.
Appellant complains of a departure sentence. The scoresheet reflects 52.7 points for a maximum sentence of 30.75 months in prison. The sentence imposed was five years in state prison. No written reason for departure was given. The record is unclear why this sentencing error was made but the transcript of the sentencing hearing suggests the lower court may have been mistaken about the applicable sentencing range. Either the court simply failed to file written reasons for departure or the court did not intend the sixty months to represent a departure. In either event, the sentence must be vacated. If the court intended a departure sentence, upon remand, it shall impose a guideline sentence in accordance with Pope v. State, 561 So.2d 554 (Fla.1990). If the lower court originally intended to impose a guidelines sentence, it may impose a departure sentence of sixty months on remand if the decision can be supported with written reasons for the departure. State v. Vanhorn, 561 So.2d 584 (Fla.1990).
SENTENCE VACATED and REMANDED.
PETERSON, C.J., and W. SHARP, J„ concur.