PER CURIAM.

ON MOTION FOR REHEARING

We deny Appellant’s motion for rehearing but withdraw our opinion dated July 9, 1997, and substitute the following opinion.
Appellant, Clifton Miller, appeals from his conviction and sentence for strong-arm robbery and resisting arrest without violence. We affirm his conviction without further discussion, but reverse his sentence.
The sentencing guidelines had reflected a permitted sentencing range for Appellant from a minimum of 14.6 months to a maximum of 24.3 months. At sentencing, the trial judge stated: “I can give him more time if I sentence him as a youthful offender. Up to six years incarceration if I sentence him as a youthful offender because the guidelines don’t apply.” However, the sentencing guidelines scoresheet reflected the following: (1) In designating the particular type of sentence, the *461 “Guidelines Mitigated Departure” box was checked; (2) The supplemental sentencing guidelines scoresheet provided that the reason for departure was that Appellant was sentenced as a youthful offender; and (3) Under the “Reasons for Departure-Mitigating Circumstances” heading the “Defendant to be sentenced as a youthful offender” box was checked. The trial court sentenced Appellant as a youthful offender to 48 months in prison and 24 months probation for robbery and to 364 days in prison for resisting arrest.
In Kepner v. State, 577 So.2d 576, 578 (Fla.1991), the Florida Supreme Court held that if the recommended guidelines sentence is less than the maximum youthful offender sentence of six years, the court must sentence within the guidelines or give valid written reasons for the departure whether upward or downward. See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989); Watson v. State, 690 So.2d 730 (Fla. 4th DCA 1997). In the instant case, the recommended guidelines sentence was less than the youthful offender sentence imposed; however, the trial court erroneously thought that the sentencing guidelines did not apply if Appellant was sentenced as a youthful offender. Thus, Appellant’s sentence must be reversed. See Kepner, mi So.2d at 578.
However, where the trial court does not realize it was imposing a departure sentence, it may, upon remand, sentence a defendant within the guidelines or set forth valid written reasons for departure. See Betancourt, 552 So.2d at 1108. Appellant argues that the written notations on the sentencing guidelines score-sheet demonstrate the trial judge knew he was imposing a departure sentence. We disagree. Generally, when written orders are inconsistent with oral pronouncements made at sentencing, the oral pronouncements prevail. See Harmon v. State, 599 So.2d 754, 756-57 (Fla. 4th DCA 1992); Avery v. State, 543 So.2d 296, 297 (Fla. 5th DCA 1989). Here, the sentencing score-sheet reflects that being sentenced as a youthful offender was a mitigating circumstance; however, at sentencing, it was orally pronounced that Appellant could be sentenced to more time if he was sentenced as a youthful offender “because the guidelines don’t apply.” Thus, since it was clear from the trial judge’s oral pronouncement that he did not consider Appellant’s sentence as a youthful offender to be a mitigating circumstance, the sentencing scoresheet reflects a clerical error and the oral pronouncement prevails. See id. And since the trial judge was under the erroneous impression that the sentencing guidelines have no bearing on a youthful offender sentence, he could not have known he was departing from the guidelines and therefore is allowed to resen-tence Appellant within the sentencing guidelines or provide a valid written reason for departure. See Betancourt, 552 So.2d at 1108.
On remand, we also direct the trial court to correct the following errors. Appellant’s probation order should be changed to reflect his status as a youthful offender. In addition, the trial court should conform Appellant’s written sentences for both counts with the trial court’s oral pronouncement that the sentences imposed were to run concurrently.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
STONE, C.J., and GUNTHER and FARMER, JJ., concur.