PER CURIAM.
This is an appeal from the denial of a Rule of Criminal Procedure 3.850 motion to vacate judgment and sentence. The motion was based upon appellant’s claim of ineffective assistance of counsel at his jury trial which was held in June, 1981. Appellant was charged with and convicted of robbery with a weapon, for which he received a nine-year sentence. He appealed the judgment and sentence in 1982, and this court affirmed without an opinion. Appellant then made his 3.850 motion claiming ineffective assistance of counsel. Eventually, an evidentiary hearing was held, at which numerous witnesses testified. The trial court issued an order finding that trial counsel had been incompetent, but that the deficiencies did not affect the outcome of the trial. We reverse.
Knight v. State, 394 So.2d 997 (Fla.1981), provides a four-step procedure to be used in determining whether or not an individual has received effective assistance of counsel in accordance with the constitutional guaranties. In this case, the defendant clearly satisfied the first two steps. The trial court concluded that trial counsel had been ineffective, but this simply did not affect the outcome of the trial. It is never possible to know precisely what will affect a jury’s determination of guilt or innocence. It is only necessary that the defendant show a substantial deficiency which “presents a prima facie showing of prejudice.”
We conclude, after a -thorough review of the record, that the defendant did make a prima facie showing of prejudice, and the trial court’s order denying 3.850 relief is therefore vacated and the matter *883 remanded for further proceedings in accordance herewith.
REVERSED AND REMANDED.
ANSTEAD, C.J., and LETTS and BERA-NEK, JJ., concur.