468 So.2d 229 (1985)
STATE of Florida, Petitioner,
v.
John S. BUCHERIE, Respondent.
No. 65700.
Supreme Court of Florida.
April 25, 1985.
*230 Jim Smith, Atty. Gen. and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for petitioner.
John S. Bucherie, Palm Springs, in pro. per.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Fourth District, in Bucherie v. State, 450 So.2d 882 (Fla. 4th DCA 1984), which expressly and directly conflicts with Downs v. State, 453 So.2d 1102 (Fla. 1984); Messer v. State, 439 So.2d 875 (Fla. 1983); Knight v. State, 394 So.2d 997 (Fla. 1981); and other decisions of this Court reciting the requirements for establishing a claim of ineffective assistance of counsel at trial.
Bucherie, after having been convicted of burglary and having had his conviction affirmed on appeal, filed a Florida Rule of Criminal Procedure 3.850 motion in the trial court. He claimed ineffective assistance of counsel. After an evidentiary hearing, the trial court denied his motion.
The Fourth District reversed and held that Bucherie had satisfied the first two steps of the four-step process established in Knight v. State and held that Bucherie need only show a substantial deficiency which presents a prima facie showing of prejudice in order to establish a claim of ineffectiveness. It reasoned that it is never possible to know precisely what will affect a jury's determination of guilt or innocence.
The State seeks review here on the basis that the district court's decision conflicts with the rule announced by this Court for establishing a claim of ineffective assistance of counsel. Bucherie has requested that his counsel withdraw from this case because he has been released from prison and is on parole and no longer desires to pursue this matter.
In Knight v. State, we adopted a test for judging a claim of ineffective assistance of counsel. We said that one raising this claim must first identify a specific overt act or omission upon which the claim is based. The petitioner must demonstrate that the act or omission was a substantial and serious deficiency measurably below the standard of performance expected of a competent attorney. Having established this, petitioner "has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." 394 So.2d at 1001. He has the burden to show that but for the serious and substantial deficiency, the outcome of the proceedings would probably have been different. Messer v. State. If the petitioner is able to establish these three factors, then under Knight, the State still has an opportunity to rebut these assertions *231 by a showing beyond a reasonable doubt that there was no prejudice in fact.
The Fourth District in the present case failed to properly take into consideration the third and fourth prongs of the Knight standard.
After the Fourth District filed its decision in the present case, the Supreme Court of the United States decided Strickland v. Washington, ___ U.S. ___ 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), outlining the standards to be used in deciding whether a defendant was denied his sixth amendment right to effective assistance of counsel. We acknowledged and adopted Strickland in our recent decision in Downs v. State. In Downs, applying Strickland, we said:
The benchmark for judging claims of ineffectiveness, the Supreme Court held, is whether the conduct of counsel "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 2064. In order for a defendant to succeed on a claim of ineffectiveness of counsel so as to obtain a reversal of a conviction or death sentence, the Supreme Court held that he must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. The measure of an attorney's performance, the Court stated, is reasonableness under prevailing professional norms, reasonableness considering all the circumstances.
453 So.2d at 1106-7. Even if a petitioner can establish that his counsel's performance was deficient under its guidelines announced in Strickland, the Supreme Court of the United States made it abundantly clear that this alone will not warrant setting aside the judgment of a criminal proceeding. Petitioner must affirmatively prove prejudice. The Supreme Court in Strickland said, and we quoted in Downs:
Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.

It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.
... .
The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
... .
... When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.
104 S.Ct. at 2067, 2069, 453 So.2d at 1108 (emphasis added).
The trial court, in the present case, properly applied standards for judging a claim of ineffective assistance of trial counsel and effectually determined that Bucherie failed to affirmatively prove prejudice.
Accordingly, we quash the decision of the Fourth District.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.