479 So.2d 314 (1985)
Prentiss SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-424.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
*315 Prentiss Simpson, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
This is an appeal from an order summarily denying Simpson's motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Appellant claims he was denied effective assistance of counsel at both the trial and appellate levels because the trial court failed to instruct on all lesser included offenses, defense counsel failed to object to the state being permitted the first and last (closing) argument when defendant did not testify, and defense counsel failed to request a jury instruction on defendant's right not to testify. The only issue raised on appeal by appellate counsel was the admission of hearsay evidence over counsel's objection.
Claims of ineffective assistance of counsel are properly raised by a motion for post-conviction relief. Raulerson v. State, 437 So.2d 1105 (Fla. 1983); Meeks v. State, 382 So.2d 673 (Fla. 1980). However, "[c]laims previously raised on direct appeal will not be heard on a motion for post-conviction relief simply because those claims are raised under the guise of ineffective assistance of counsel." Sireci v. State, 469 So.2d 119, 120 (Fla. 1985). However, in this case, none of these failings were raised on appeal and Simpson now claims ineffective assistance of counsel at both the trial and appellate levels.
In our view, the record on appeal is insufficient to summarily deny Simpson's ineffective assistance of counsel claim. We cannot tell whether the minimum standard requirements for adequate representation were met, as required in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Florida Supreme Court.[1] Accordingly, the portion of the order pertaining to these claims is reversed and the cause remanded to the trial court. On remand, the trial court may either summarily deny the motion and attach to its order those portions of the record which conclusively show Simpson is not entitled to relief, or hold an evidentiary hearing and then rule on Simpson's allegations.[2]
REVERSED AND REMANDED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] Downs v. State, 453 So.2d 1102 (Fla. 1984); State v. Bucherie, 468 So.2d 229 (Fla. 1985).
[2] Fla.R.Crim.P. 3.850, Rogers v. State, 467 So.2d 819 (Fla. 5th DCA 1985).