SHARP, Judge.
This is an appeal from an order summarily denying Whittlesey’s motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Appellant raises six grounds for relief, four of which were either waived by appellant upon entering his plea of guilty or should have been raised on direct appeal. Elledge v. Graham, 432 So.2d 35 (Fla.1983), cert. denied, 464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 368 (1983); Hitchcock v. State, 432 So.2d 42 (Fla.1983). The other two grounds are that he was denied effective assistance of counsel and that his plea of guilty was unlawfully induced, and not made voluntarily with a full understanding of the nature of the charge and the consequences of the plea. Whittlesey alleges that defense counsel was not prepared for trial and failed to file a motion for continuance; that counsel refused to proceed with trial after the jury had already been impan-elled and jeopardy had commenced; and that counsel failed to utilize funds available to him to investigate defendant’s proposed entrapment defense. He also claims his defense counsel misrepresented the consequences of his plea, the terms of the plea agreement, and appellant’s right to appeal the constitutionality of the statute under which he was charged. Whittlesey urges that he did not understand the charges he pled guilty to.
Claims of ineffective assistance of counsel and the entering of an involuntary plea of guilty may both be properly raised by a motion for post-conviction relief. Mikenas v. State, 460 So.2d 359 (Fla.1984); Raulerson v. State, 437 So.2d 1105 (Fla.1983); Meeks v. State, 382 So.2d 673 (Fla.1980). The record on appeal in this case does not support the trial judge’s summary denial of either ground. He failed to attach any portion of the record and held no hearing on either point. We, therefore, cannot ascertain whether the minimum standard requirements for adequate representation were met, as required in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *706 adopted by the Florida Supreme Court.[1] Nor can we make any determination as to the possibly faulty entry of the guilty plea.
Accordingly, the portion of the order pertaining to these two claims is reversed and the cause remanded to the trial court. On remand, the trial court may either summarily deny the motion and attach to its order those portions of the record which conclusively show Whittlesey is not entitled to relief on these two grounds or hold an evidentiary hearing and then rule on Whitt-lesey’s allegations.[2]
REVERSED AND REMANDED.
COBB, C.J., and ORFINGER, J., concur.

. State v. Bucherie, 468 So.2d 229 (Fla.1985); Downs v. State, 453 So.2d 1102 (Fla.1984).

. Fla.R.Crim.P. 3.850, Simpson v. State, 479 So.2d 314 (Fla. 5th DCA 1985).