ALTENBERND, Judge.
On June 26 and 27, 1987, Mr. Porter kidnapped and repeatedly raped an adult female victim. As a result, he was charged on fourteen counts by information. The jury convicted him on all fourteen counts. The trial court sentenced Mr. Porter to eleven life sentences, one thirty-year sentence, and two fifteen-year sentences, all to run concurrently. Except for a conviction and ■ fifteen-year sentence resulting from one of the aggravated battery counts, we affirm and find no need to discuss the defendant’s other issues.
Count I of the information charged Mr. Porter with burglary. The degree of that felony and, thus, the penalty for that count was enhanced because Mr. Porter committed an assault or battery upon his victim in the course of committing the burglary. § 810.10(2), Fla.Stat. (1985). The information alleged that Mr. Porter committed an assault and battery by choking his victim.
Count XIII charged aggravated battery by use of a deadly weapon. That count alleged that Mr. Porter choked his victim with a belt. Under the law applicable at the time of the offense, Mr. Porter could be convicted of only one of these two offenses because each offense arose out of the same act. McPhee v. State, 537 So.2d 698 (Fla. 4th DCA 1989).
Accordingly, we reverse Mr. Porter’s conviction and concurrent fifteen-year sentence under count XIII and remand with directions to the trial court to vacate that conviction and sentence. This reversal does not require resentencing on Mr. Porter’s other convictions.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.