W. SHARP, Judge.
The state appeals from the trial court’s order which granted Gibson’s 3.850 motion to set aside his judgment and sentence for a lewd and lascivious act on a child under the age of 16,[1] a second degree felony. This court previously affirmed his conviction and sentence on appeal. Gibson v. State, 533 So.2d 338 (Fla. 5th DCA 1988). We find the trial court’s order, which granted Gibson a new trial because of incompetency of trial counsel, to be flawed because it expressly found no prejudice to Gibson. Accordingly, we quash the order.
Following a hearing on the issue of incompetency of trial counsel, the trial judge found that two specific omissions occurred which were so below expected standards as to “undermine confidence in the outcome of the trial.” They were defense counsel’s inadequate discovery and his failure to cross-examine (and possibly impeach with prior felony convictions) a key state witness. However, the trial judge also found that the omissions of trial counsel did not create “a probability of different results.”
A review of the record supports this conclusion. There was strong and abundant evidence to support Gibson’s conviction. The witness whom defense counsel failed to cross-examine was not essential, nor was she the sole source of proof of any essential facts. Her testimony could have been omitted altogether.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that the benchmark for judging any claim of ineffectiveness of counsel must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial could not be relied on as having produced a just result. Strickland was adopted by the Florida Supreme Court in Downs v. State, 453 So.2d 1102 (Fla.1984) and State v. Bucherie, 468 So.2d 229 (Fla.1985). In both cases, the court held that a defendant must establish not only deficient performance of trial counsel, but also an affirmative showing of prejudice. The court held in Bucherie:
Even if a defendant shows that particular errors of counsel were unreasonable, the defendant must show that they actually had an adverse effect on the defense.
468 So.2d at 231.
In this case, as in Bucherie, the trial court granted the defendant a new trial because incompetency of counsel had been established. However, there was no finding that the deficient conduct likely or probably affected- the outcome of the proceedings; or that the outcome probably would have been different had trial counsel performed otherwise. Because the trial court found the outcome probably was not affected by the deficiencies of trial counsel in this case, a determination supported by the record, we quash the order vacating Gibson’s judgment and sentence and remand for further proceedings.
QUASH ORDER and REMAND.
COBB and HARRIS, JJ., concur.

. § 800.04(3), Fla.Stat. (1987).