577 So.2d 987 (1991)
Dale MALLORY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0055.
District Court of Appeal of Florida, Fourth District.
April 3, 1991.
*988 Dale M. Mallory, Miami, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Dale M. Mallory seeks review of the trial court's denial, without a hearing, of his motion for post-conviction relief. We reverse for two reasons.
First, the trial court erred in ruling that Mallory's 3.850 motion was premature. Fla.R.Crim.P. 3.850 states that "[a] prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released ... may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence." (Emphasis added). The state contends that since Mallory is currently serving another sentence and the granting of the 3.850 motion would not result in his release, the trial court correctly ruled that Mallory's motion is premature. However, the Florida Supreme Court has indicated that even though a defendant cannot be released from prison due to another concurrent sentence, the court should nonetheless consider the merits of a collateral attack. See Frizzell v. State, 238 So.2d 67 (Fla. 1970). See also Wood v. State, 375 So.2d 10 (Fla. 1st DCA 1979). Thus, the trial court erred in denying Mallory's 3.850 motion on the basis that the motion was premature.
Second, Mallory claims he received ineffective assistance of counsel by virtue of his attorney's failure to investigate alibi witnesses who Mallory argues could have substantiated his alibi. Because this particular allegation states a facially sufficient claim for relief, we remand this cause for further proceedings. Havard v. State, 489 So.2d 875 (Fla. 1st DCA 1986).
In all other respects we affirm.
DOWNEY, LETTS and GUNTHER, JJ., concur.