PER CURIAM.
Michael Albert Vann has appealed from an order summarily denying his motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse, and remand for reconsideration of Vann’s motion.
Vann was convicted of trafficking in cocaine and aggravated assault, and sentenced; this court affirmed. Vann v. State, 543 So.2d 226 (Fla. 1st DCA 1989). The mandate in Vann issued on April 28, 1989. On August 16, 1991, Vann filed the instant motion with the trial court, alleging ineffective assistance of counsel in failing to call an alibi witness. Vann alleged more specifically that, in June 1991, he learned that one William “PeeWee” Campbell had written Vann’s attorney prior to trial and offered to provide exculpatory testimony. The motion also alleged that, because counsel failed to respond, Campbell did not provide the testimony. The trial court denied *921 the motion, finding that Vann should have raised the issue on direct appeal.
First, the trial court incorrectly found that Vann could properly have raised on direct appeal the issue of ineffective assistance of trial counsel. It nevertheless appeared that the motion was correctly denied, in that it was filed more than two years after the judgment and sentence became final on April 28, 1989. See Cook v. State, 596 So.2d 483 (Fla. 1st DCA1992) (judgment and sentence become final for purposes of rule 3.850 upon issuance of the mandate).
However, rule 3.850 creates an exception to the two-year limitations period for a motion which alleges that “the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence.” Vann’s motion alleges that his attorney affirmatively represented to him at trial that Campbell refused to testify, and that he did not learn until June 1991 that Campbell had offered exculpatory testimony to Vann’s attorney prior to trial. Therefore, we find that Vann’s motion falls within the exception outlined above, and would not be correctly denied as untimely.
Finally, we note that an allegation that counsel was ineffective in failing to investigate an alibi witness states a facially sufficient claim for relief. Mallory v. State, 577 So.2d 987, 988 (Fla. 4th DCA1991). Therefore, on remand, the trial court shall either attach those portions of the files and records conclusively showing that Vann is entitled to no relief, or shall conduct further proceedings pursuant to Rule 3.850.
Reversed and remanded.
JOANOS, C.J., and SHIVERS, J., concur.
BOOTH, J., dissents with opinion.