PER CURIAM.
James U. White has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm based on the legal insufficiency of the motion, despite the trial court’s failure to attach portions of the record referred to in the order.
White was initially charged with first-degree murder and possession of a firearm by a convicted felon. He pled guilty to second-degree murder, a first-degree felony punishable by life, enhanced to a life felony by White’s use of a firearm. § 775.-087(l)(a), Fla.Stat. (1989). White’s sentencing guidelines scoresheet reflected a total of 232 points, which included 165 points for the life felony. The maximum of the guidelines permitted range for 232 points is 27 years incarceration, but White agreed as part of his plea to a departure sentence of 34 years. He was sentenced in accordance with the plea in February 1991.
In April 1992, White filed the instant motion alleging ineffective assistance of counsel. He alleges that, although counsel told him about the 232-point total before he pled, counsel did not explain that 165 points was assigned to the murder conviction because it was a life felony. White points out that scoring it as a first-degree felony reduces the total to 217 points, with a maximum permitted range of 22 years. The agreed-upon 34-year sentence was therefore a 12-year departure, to which he would not have agreed. The trial court summarily denied the motion, finding the plea voluntarily and intelligently entered; it did not attach supporting portions of the files and records.
 To establish a case of ineffective assistance of counsel, a defendant must not only establish deficient performance, but must make an affirmative showing of prejudice. State v. Bucherie, 468 So.2d 229, 231 (Fla.1985). Here, White acknowledges that he pled guilty knowing he had scored 232 points, and does not allege that the enhancement of the murder conviction to a life felony was improper, or that it was improperly scored. In our view, mere knowledge of the reason for the points would have given White no more cause to reject the plea than he had without it. Therefore, he has made no affirmative showing of prejudice resulting from the alleged omission of counsel. The motion is *1322 legally insufficient[1], and was properly denied.
Affirmed.
JOANOS, C.J., and WOLF and KAHN, JJ., concur.

. We also note that the motion is facially insufficient in that it does not state "whether there was an appeal from the judgment or sentence and the disposition thereof," as required by Rule 3.850(b), Florida Rules of Criminal Procedure.