670 So.2d 1126 (1996)
Michael D. PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04902.
District Court of Appeal of Florida, Second District.
March 29, 1996.
PER CURIAM.
Michael Porter challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In that motion, he alleged, among other things, that he was rendered ineffective assistance of counsel for his trial attorney's failure to conduct a proper investigation into the charges underlying his convictions herein. Since the trial court, in denying Porter's motion, failed to attach to its order documentation conclusively refuting that claim or the reasons Porter advanced for failing to timely assert it, we reverse and remand for further proceedings. Because we find no merit in any of the other issues Porter raises on this appeal, the trial court's order is affirmed in all other respects.
Porter was ultimately sentenced to eleven concurrent terms of life imprisonment, as well as to one concurrent thirty-year term and one concurrent fifteen-year term, for offenses arising out of a burglary and multiple sexual assaults on a lone victim. See *1127 Porter v. State, 555 So.2d 953 (Fla. 2d DCA 1990). From the limited record before us, it appears that Porter's convictions were based almost exclusively upon the eyewitness testimony of the victim. In his rule 3.850 motion, Porter asserted that two police reports, which were not provided to him or his attorney at trial, disclosed that two witnesses had indicated that the victim had tentatively identified a third party as the assailant shortly after the crimes were committed. In support of that assertion, Porter attached to his motion affidavits from those witnesses, Robert George and Eileen Salafia.
In seeking postconviction relief, Porter essentially claimed that his trial counsel was ineffective for failing to investigate and locate George and Salafia prior to his trial. To sustain such a claim, Porter was required to establish that but for counsel's shortcomings, the outcome of his trial would probably have been different. See State v. Gibson, 557 So.2d 929 (Fla. 5th DCA 1990), and cases cited therein. The trial court, however, found that Porter's claim was time-barred because it was filed more than two years after the issuance of this court's 1990 mandate in Porter's direct appeal, see Porter, and that it was also procedurally barred as a successive claim because Porter "ha[d] previously filed a postconviction motion alleging ineffective assistance." The trial court, therefore, never determined whether trial counsel's performance was inadequate and, if so, whether the outcome of Porter's trial would have been different had George and Salafia testified.
The record shows that in 1992, Porter indeed filed a timely postconviction motion alleging ineffective assistance based on trial counsel's inadequate investigation. In view of that fact, a motion such as the instant one would normally be deemed successive and thus procedurally barred from further consideration. Fla.R.Crim.P. 3.850(f). See also Jones v. State, 591 So.2d 911 (Fla.1991). In his current motion, however, Porter asserts that he was completely unaware at the time he filed his previous motion that George and Salafia had made statements to the police which would tend to exonerate him. He further asserts that such information was unavailable to him at that time.
We conclude that if the foregoing assertions are true, then the doctrine of successiveness is inapplicable to the present motion. See Ragan v. State, 643 So.2d 1175, 1176 (Fla. 3d DCA 1994), citing Christopher v. State, 489 So.2d 22, 24 (Fla.1986). The instant claim of ineffective assistance is thus entitled to consideration on the merits if Porter can demonstrate that he, alone, exercised due diligence in discovering the evidence he claims his attorney overlooked. See Fla.R.Crim.P. 3.850(b)(1) (which creates an exception to the two-year limitations period for filing a postconviction motion if "the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence"). See also Vann v. State, 605 So.2d 920 (Fla. 1st DCA 1992) (wherein it was held that the facts upon which an untimely ineffective assistance claim was predicated were unknown to the defendant and could not have been earlier ascertained by his exercise of due diligence). While the trial court here correctly determined that the police reports reflecting George's and Salafia's exculpatory statements were readily available to Porter's counsel prior to trial, Porter cannot be charged with constructive knowledge of their availability since his ineffective assistance claim assails counsel for failing to discover the evidence. See Vann.
In his motion, Porter recited the efforts he undertook to locate the police reports at issue, which eventually led a federal public defender's investigator to George and Salafia. Those efforts included an amateur attempt by his brother, a public records request, an unsuccessful mandamus action, and an unsuccessful writ in federal court. Since it is undisclosed how or when the federal investigator came into possession of the subject reports, factual findings in that regard will be necessary to determine whether Porter pursued that evidence with due diligence. If he proves that he did and that such forgives the untimeliness of his claim, he must then demonstrate that trial counsel's failure to locate and call the subject witnesses resulted *1128 in ineffective representation, which probably affected the outcome of his trial. See Gibson. If he is successful, he will be entitled to a vacation of his current convictions and a new trial. Id.
Accordingly, the instant cause is reversed and remanded for an evidentiary hearing only as to Porter's claim of ineffective assistance for trial counsel's failure to discover the police reports containing George's and Salafia's statements. The order denying Porter's postconviction motion is otherwise affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.