MICKLE, Judge.
In this appeal from the summary denial of appellant’s motion for post-conviction relief, filed pursuant to Fla.R.Crim.P. 3.850, we affirm the denial of all of appellant’s claims except for the allegations that trial counsel was ineffective in failing to investigate and present an alibi defense and in failing diligently to pursue a severance of the trials of appellant and his co-defendant. The trial court denied relief on th.e basis that appellant had failed to show “that the alleged omissions by his attorney were serious deficiencies below that of competent counsel or were substantial enough to affect the outcome of the trial.” Without an adequate record, however, we are in no position to affirm such a fact-based determination, as a plethora of recent cases attests. See e.g., Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984) (summary denial of 3.850 motion reversed where allegation that trial counsel was ineffective for moving for severance showed possible deprivation of defendant’s substantive legal rights); Mallory v. State, 577 So.2d 987 (Fla. 4th DCA 1991) (reversing summary denial of claim that defense counsel failed to investigate alibi witnesses); Williams v. State, 642 So.2d 67 (Fla. 1st DCA 1994) (failing to call alibi witnesses can be ineffective assistance of counsel and trial court must attach record conclusively demonstrating no entitlement to relief or hold evidentiary hearing); Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986) (failure to interview or call alibi witnesses can support a finding of ineffective assistance of counsel); Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987) (trial counsel’s failure to call alibi witnesses constitutes prima facie showing of entitlement to relief, subject to rebuttal).
Because the trial court’s order and attachments fail to demonstrate conclusively that appellant is entitled to no relief, we must reverse and remand for an evidentiary hearing for the purpose of rendering a determination on the merits of the aforementioned allegations, or for record attachments conclusively refuting same. In all other respects, the order denying post-conviction relief is affirmed.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings.
MINER and LAWRENCE, JJ., concur.