PER CURIAM.
John Bailey appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
The trial court denied Bailey’s motion finding that it was untimely and not within one of the exceptions to the two-year time limit set out in rule 3.850(b)(1). However, Bailey alleges that through repeated discovery requests he received Brady[1] material from the State that was not produced to his trial attorney, and the documents attached to the motion support this contention. This material consists of a field interview report prepared by a sheriffs deputy, several offense reports prepared by sheriffs deputies, and other documents.
Bailey alleges that the information in these documents could have been used to impeach a key witness against him, and that his attorney was ineffective for failing to discover these documents. These documents indicate the witness had a criminal history, and had possibly participated in the crime for which Bailey was convicted. An excerpt from the trial testimony attached to the motion shows that this witness testified against Bailey; however, it is impossible to tell from the record what the importance of the witness’ testimony was, or whether defense counsel had access to the information concerning the witness’ criminal history and'possible participation in the crime. Consequently, whether there was a reasonable probability that the outcome of the trial would have been different if counsel had been provided with the information cannot be determined from the record before the court.
The fact that the police reports were in existence at the time of the trial would usually foreclose using these reports as newly discovered evidence to warrant an exception to the two-year time limit set forth in rule 3.850(b)(1). However, this case is analogous to Porter v. State, 670 So.2d 1126 (Fla. 2d DCA 1996), in which this court found a claim of ineffective assistance of counsel for failure to discover certain police reports to be facially sufficient even though filed well after the two-year time limit applicable to the defendant’s claim. This court stated that the defendant “cannot be charged with constructive knowledge of [the police report’s] availability since his ineffective assistance claim assails counsel for failing to discover the evidence.” Id. at 1127 (citation omitted). Accordingly, this case is reversed and remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.

. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).