780 So.2d 1038 (2001)
Marvin ETIENNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-111.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant *1039 Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Marvin Etienne was found guilty of murder in the second degree with a firearm and aggravated assault with a firearm. Etienne challenges his convictions, alleging improper prosecutorial comments during closing arguments and the improper admission of the victim's bloody clothes into evidence; he challenges his sentence, alleging that the trial court abused its discretion in upwardly departing from the sentencing guidelines for the stated reason that the crime was especially heinous, atrocious, or cruel. We affirm the convictions without discussion, but reverse the departure sentence and remand for resentencing.
After the jury returned the two convictions, Etienne was sentenced under the 1995 sentencing guidelines to 432.5 months in prison on count I (second degree murder) and five years concurrent on count II (aggravated assault with a firearm). The State's motion to aggravate the sentence on the basis that the crime was heinous, atrocious or cruel was denied by the trial judge. After the sentence was imposed, and during the pendency of this appeal, the Florida Supreme Court in Heggs v. State, 759 So.2d 620 (Fla.2000), sustained a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on a violation of the single subject rule. This court relinquished jurisdiction to the trial court for Etienne to file a motion to correct his sentence and for resentencing under the 1994 guidelines. At the resentencing hearing, the State again filed a motion to aggravate the sentence on the same basis that was rejected by the trial judge at the original sentencing, i.e., that the crime was heinous, atrocious, or cruel. This second time around, however, the trial judge found that the crime was indeed "heinous, atrocious and cruel," departed from the applicable guidelines,[1] and re-imposed Etienne's thirty-six year sentence, stating that he "felt the thirty-six years [432 months] was an appropriate sentence under all the facts and circumstances of the case."
In support of the trial judge's order, the State cites Trotter v. State, 774 So.2d 924 (Fla. 5th DCA), where the Fifth District found that, upon resentencing, the trial court can depart from the guidelines if the court finds that valid grounds for departure existed at the time of the original sentencing. Trotter is distinguishable because, there, the trial judge was considering upward departure for the first time. See id.; see also State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989) (finding that the trial judge did not err in reconsidering whether a departure from the guidelines was appropriate because the judge had not previously had an opportunity to consider reasons for departure).
We review the departure sentence for an abuse of discretion. See Banks v. State, 732 So.2d 1065, 1068 (Fla.1999) (holding that to depart from the sentencing guidelines is a judgment call and will be sustained on review absent an abuse of discretion). Here, we conclude that the trial judge abused his discretion in changing his mind about whether the crime was "heinous, atrocious or cruel" at Etienne's resentencing. The trial judge had previously found that the shooting was not heinous, atrocious or cruel at a time when the facts of the case were fresher in his mind; almost two years had passed between Etienne's original sentencing and the resentencing hearing. The basis for the resentencing had nothing to do with the court's original finding that Etienne's crime was not heinous, atrocious, or cruel; thus, that aspect of the trial judge's order was not subject to reevaluation since it was not the subject of any challenge. Accordingly, we *1040 remand for resentencing in accordance with this opinion.
REVERSED and REMANDED.
STEVENSON, GROSS and HAZOURI, JJ., concur.
NOTES
[1] Etienne's maximum sentence was calculated to be 269.5 months under the 1994 guidelines.