GREEN, J.
Pedro Pablo Espinoza appeals two orders denying his motion to correct illegal sentence made pursuant to Rule 3.800(b), Fla. R.Crim. P. For the reasons which *380 follow, we reverse and remand for re-sentencing.
Espinoza was found guilty in 1997 after a jury trial on two counts of sexual battery by physical force likely to cause serious personal injury, kidnaping and trespass. The date of his commission of these offenses was October 8, 1995. During his sentencing hearing on August 21,1997, the 1995 guidelines scoresheet was utilized. It scored Espinoza to a sentencing range of 334.05 to 556.75 • months or 27.8 years to 46.3 years in prison.
The state sought an upward departure sentence of 45 concurrent years on the two sexual battery counts, 30 years on the kidnaping count to run consecutively and 1 year on the trespass count to run consecutively, for a total of 76 years. As reasons for the upward departure, the state pointed out that the victim was Espinoza’s half-sister and that he not only violated her sexually, but he violated her trust and took advantage of their relationship to gain entry into the house. The state also stated that the offenses were violent and committed in a manner especially atrocious and cruel and the victim suffered physical or emotional trauma as a result.. Alternatively, the state requested that Espinoza be given the maximum guideline sentence. The defense objected to the upward departure and pointed out that the facts did not fit the requirements for heinous and cruel conditions, the victim was treated and released from the hospital the same night she was taken there and she suffered only from some bruising.
The trial court sentenced Espinoza to the maximum guidelines sentence of 556.7 months or 46.3 years imprisonment on each of the felony counts to run concurrently and credit for time served on the misdemeanor trespass count. In so doing, the trial court declined the state’s request to impose an upward departure sentence based upon its conclusion that the evidence did not warrant the same and upon the court’s conclusion that the upper end of the guidelines was a fair sentence.[1]
Espinoza appealed his conviction and we per curiam affirmed his judgment and sentence. See Espinosa v. State, 715 So.2d 1151 (Fla. 3d DCA 1998).
Thereafter on June 27, 2000, Espinoza filed a motion to correct illegal sentence pursuant to Rule 3.800(a), Fla. R.Crim. P. alleging that he had been sentenced pursuant to the 1995 sentencing guidelines which were deemed unconstitutional by the supreme court in Heggs v. State, 759 So.2d 620 (Fla.2000). He further averred that *381 since the trial court had found no basis for an upward departure sentence, he should be re-sentenced to a lower sentence using the correct 1994 scoresheet. A hearing on the motion was held on November 27, 2000. According to the 1994 scoresheet, the permissible range of imprisonment was only between 166.8 and 278 months or 13.9 years to 23.16 years in prison. The defense argued that the maximum that the court could impose was 23.16 years since the court had earlier indicated that it could not justify an upward departure sentence. The state, however, responded that had the judge known at the original sentencing hearing that Espinoza would only be facing 23 years, the judge would have upwardly departed above the guidelines and given him at least the 46 years sentence he originally imposed, based upon the emotional: stress of the victim and the other evidence heard at the sentencing hearing.
The trial court’s response was that at the original sentencing hearing, the court didn’t think that it could justify an upward deviation beyond the 46 year top of the guidelines based upon the facts presented and since it was never going to sentence Espinoza to less than 46 years, there was no need for deviation at that, time.[2]
The trial- court then proceeded to reimpose the same sentence of 46.3 years it had originally imposed as an upward departure from the newly applicable 1994 guidelines. As reasons for the upward departure, the court. cited that the victim was a family member who had suffered excessive trauma and mental pain.[3] No written order *382 delineating the-reasons for the departure sentence was ever filed and no transcript of the re-sentencing hearing was ever prepared, signed and filed by the court.
Espinoza filed a Rule 3.800(b) motion to correct illegal sentence wherein he challenged the court’s upward departure sentence and argued that since the trial judge had failed to sign and file a written order-outlining the reasons for the upward-departure sentence as required by section 921.0016(l)(c), Fla. Stat. (1993) and Rule 3.702(d)(18), Fla. R.Crim. P., his departure sentence should be reversed and a guidelines sentence- imposed. The trial court denied the motion and deemed its failure to file the written signed transcript of reasons for the departure sentence to be a mere clerical error. The court then proceeded to re-sentence Espinoza to 46.3 years imprisonment nunc pro tunc to the November 17, 2000 sentencing hearing and stated that it would attach a signed copy of the transcript.
Espinoza filed the instant appeal and raises three issues. First, he argues that the trial court abused its discretion when it imposed an upward departure sentence at the Heggs re-sentencing hearing where the stated reasons for departure had previously been deemed insufficient at the original sentencing hearing. Alternatively, Espinoza contends that the departure sentence cannot stand where the stated reasons for the same were not supported by the evidence. He finally contends that the trial court erred in denying his motion to correct illegal sentence for the court’s failure to timely file written departure reasons where it belatedly signed and filed a written transcript of the original re-sentencing hearing eleven months later during the hearing on the defendant’s second motion to correct sentence.
As to his first issue, we agree with the appellant that the trial court abused its discretion in imposing an upward departure sentence at the Heggs re-sentencing hearing where the trial court had specifically found no basis for a departure sentence at the original sentencing hearing. In Roberts v. State, 547 So.2d 129 (Fla.1989), the supreme court held that it was permissible for a judge to reconsider whether a departure from the guidelines was appropriate on remand when the trial judge had not yet had an opportunity to consider reasons for departure. It stands to reason, however, that where a trial judge has had an opportunity to consider a departure sentence and specifically found no valid basis for such a sentence, the judge cannot thereafter on a sentencing remand impose a departure sentence based upon' the same record evidence. Compare Trotter v. State, 774 So.2d 924 (Fla. 5th DCA 2001) (holding that at a Heggs re-sentencing, the judge can depart from the guidelines if the court found that valid grounds for departure existed as of *383 the time of the defendant’s original sentencing).
In the instant case, the reasons cited by the trial court for its upward departure sentence at the Heggs re-sentencing hearing — the appellant’s familial relationship to the 'victim and the victim’s excessive trau-matization and mental pain — were both raised by the state and rejected by the court as valid reasons for a departure sentence at the original sentencing hearing in 1997. The trial court’s subsequent change of mind, that these factors supported an upward departure sentence, constitutes an abuse of discretion. See Etienne v. State, 780 So.2d 1038 (Fla. 4th DCA 2001).
In Etienne as in this case, the state had moved for an upward departure sentence during the original sentencing on the grounds that the crime was heinous, atro.-cious, or cruel. The trial judge declined to impose an upward departure sentence and sentenced the defendant within the 1995 guidelines. Upon the defendant’s motion to correct illegal sentence pursuant to Heggs, the guidelines were recalculated using the 1994 guidelines and a re-sentencing hearing was conducted. At the re-sentencing hearing, as in this case, the state again moved for an upward departure sentence on the same grounds raised at the original sentencing hearing. This time, the trial court, as the court below, agreed that,these grounds supported an upward departure sentence and proceeded to impose the same sentence that it had originally imposed in this case.
The Fourth District Court of Appeal found the trial court’s change of mind about a departure sentence to be an abuse of discretion and reversed. Specifically, the fourth district found that:
The trial judge had previously found that the shooting was not heinous, atrocious or cruel at a time when the facts of the case were fresher in his mind; almost two years had passed between Eti-enne’s original sentencing and the re-sentencing hearing. The basis for the resentencing had nothing to do with the court’s original finding that Etienne’s crime was not heinous, atrocious or cruel; thus, that aspect of the trial judge’s order was not subject to reevaluation since it was not the subject of any challenge.
See Etienne, 780 So.2d at 1039.
For the same reasons, we likewise agree that the trial court in this case abused its discretion in imposing an upward departure sentence at the Heggs re-sentencing hearing after it had initially declined to impose such a sentence at the original sentencing hearing. We therefore reverse the upward departure sentence and remand for re-sentencing. Our disposition of the appellant’s first issue on appeal renders it unnecessary for us to address his remaining two issues.
Reversed and remanded.

. Specifically, the court stated as follows:
Court: Sir, Mr. Espinoza, I know that you are talking about how you have a problem, and it’s one thing for you to fall, sir, because of a problem you might have. It's another problem when you bring someone down because of your problem. And I heard the testimony of this particular case, the testimony how you really brutalized your half sister, how you affected her life. I didn't need her letter to be read tq know how she was affected. I saw how she was affected when she testified.
The State is requesting that I deviate, unfortunately based upon the testimony that I heard, the Court cannot justify a deviation. However, I believe that the guidelines sentences in the guidelines have taken into account situations such as this. The upper end of the guidelines is five hundred fifty six point seven months. I believe a fair and just sentence would be the upper guidelines sentence.
[[Image here]]
If you do .have an alcohol problem and/or drug problem, I am going to recommend the TIER Program while you are incarcerated with the hope and anticipation that might ease some of your problems while you are in prison. But its my hope and anticipation, sir that you serve as many of the five hundred and fifty six point seven months that the court is imposing on you in state prison.

. The court stated as follows:
Court: I think at this point, let me stop you for a moment, the Court fully remembers the facts and circumstances surrounding this case. I was the trial Judge, and sometimes it is beneficial that in this case, I think it is fortunate that myself being the trial Judge is able to come back and review what was done.
On the date of the sentence that took place in this matter, if you read my words, and I remember this case, and I remember when the State was asking for the Court to deviate upwards, and one of the things I said before I did state that the Court cannot justify deviation.
If you read further on you will find out the reason the Court in its own mind cannot justify deviation, that is I believe a fair judgment and sentence would be the upper guidelines sentence in this particular case. When the Court said it could not justify deviation, it's not that the Court could not justify deviations based upon the circumstances and facts involved. It was based upon the fact the Court could not in its own mind deviate higher than the forty-four [sic] years the Court was going to sentence. In other words,, the Court was not going to sentence him under forty-six years so why even attempt to deviate. That is the independent recollection I have concerning the facts and circumstances surrounding this case. I mean, I remember, when I think it was the step sister, or half sister, was running through the street, necked [sic] down the street after the incident in question because of what happened in that room ...

. Specifically, the court stated:
[Court]: Without comment, the Court again in response to the defendant's motion has to re-sentence Mr. Espinoza, and the Court again referring.to its own independent recollection of this particular case, again, I just want to reiterate when the Court sentenced Mr." Espinoza in this particular cased based upon the factual situation, the Court when requested by the State to give an upwards deviation did not do so based upon the fact the Court believed that the 46.3 years sentencing Mr. Espinoza, that the upper end of the guidelines was a fair sentence.
Had the Court been advised at the time, the sentencing guidelines were twenty-three years, the Court under no circumstances would have imposed a sentence of merely twenty-three years. The Court would have given an upwards deviation in this particular case. The reason being the fact which justified upwards deviations based upon the relationship between this defendant and the victim, I believe the half sister?
[Prosecutor]: Correct.
[Court]: And the traumatic episode this case resulted in, in the victim in this partic *382 ular case. I know at the time of the sentencing, I don’t know if there was a letter read—
[Prosecutor]: I read a letter from her because she couldn't.
[Court]: Her whole life had been traumatized, and how this event had effected her to the point she didn't know if she could go on with her life, and that is something the Court would have taken into consideration had the Court known at that time that this was only twenty three years.
Therefore, over defense’s objection, the Court at this time is going to deviate from the '94 guidelines, and sentence the defendant to the original sentence of 46.3 years, that being the sentence the Court would have imposed at the time of sentencing had the Court known that the guidelines of 1994, topped that [sic] twenty-three years at the time.