PER CURIAM.
The appellant seeks review of an order summarily denying his motion for postcon-viction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. The trial court summarily denied relief on the belief the motion was untimely filed after the expiration of the two-year limitations period. The appellant claims the motion is based on newly discovered evidence which extends the time for filing such a motion. See Fla. R.Crim. P. 3.850(b)(1).
In order for the lower court to determine the timeliness of the motion it would need to hold an evidentiary hearing. See Porter v. State, 670 So.2d 1126 (Fla. 2d DCA 1996). However, such an endeavor is unnecessary, because, on the merits, thé appellant’s claim is legally insufficient to warrant relief, as he fails to show the prejudice required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Provenzano v. State, 616 So.2d .428, 430-31 (Fla.1993). The “newly discovered evidence” found by *428 the appellant would not have led to a successful motion to suppress; thus, there is no “reasonable probability” that “undermines the confidence in the outcome” below. Bowman v. State, 748 So.2d 1082, 1085 (Fla. 4th DCA), rev. denied, 767 So.2d 454 (Fla.2000).
As such, we affirm the trial court’s summary denial under the so-called “tipsy coachman” rule. See Lowery v. State, 766 So.2d 417 (Fla. 4th DCA 2000).
GUNTHER, WARNER and TAYLOR, JJ., concur.