WELLS, Judge.
 

 Melvin Malone appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, wherein Malone asserted two grounds. The trial court concluded that Malone’s claims should have been raised on direct appeal and denied the motion on that basis. We reverse.
 

 First, Malone ai'gued that trial counsel was ineffective for failing to object to a “flawed jury instruction.” This was a claim that could be raised in a 3.850 motion.
 
 See Perera v. State,
 
 6 So.3d 1253, 1253-54 (Fla. 3d DCA 2009) (addressing the claim of an erroneous jury instruction and concluding “[a]t the 3.850 hearing, the trial court did not reach the mei'its of this issue as the trial court found that the issue was proeedurally barred because it could have been raised on direct appeal. We disagree with the trial court, as this type of error can be raised in a 3.850 petition and not just on direct appeal.”).
 

 Second, Malone argued that his counsel was ineffective for failing to question the testifying officer about an incident report which Malone maintained may have supported his claim of self-defense; also, he argued, neither a 911 call nor police communications were investigated. Again, this was a claim that could be raised in a 3.850 motion.
 
 See Bailey v. State,
 
 768 So.2d 508, 509 (Fla. 2d DCA 2000) (citing
 
 Porter v. State,
 
 670 So.2d 1126 (Fla. 2d DCA 1996), and determining “a claim of ineffective assistance of counsel for failure to discover certain police reports to be facially sufficient”).
 

 Accordingly, the trial court erred in rejecting Malone’s claims outright. The case is reversed and remanded for the trial court to consider whether either or both of the points raised merit relief under Rule 3.850.