# Third District Court of Appeal

**State of Florida**

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1405
Lower Tribunal No. 96-29023-A
_____

**Israel Camellon,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Israel Camellon, in proper person.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Defendant appeals from an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800. Defendant alleges the thirty-year sentence imposed for his conviction on the charge of second-degree murder violates Heggs v. State, 759 So. 2d 620 (Fla. 2000).[1] We agree and reverse and remand for a resentencing proceeding.

The State properly concedes that Camellon has standing to challenge his sentence as the date of his offense (September 7, 1996) falls within the window established by the Supreme Court for bringing a Heggs claim. See Trapp v. State, 760 So. 2d 924, 928 (Fla. 2000) (holding that a defendant has standing to file a Heggs claim if the relevant criminal offense occurred on or after October 1, 1995, and before May 24, 1997).

The State also properly concedes that Camellon is permitted to challenge his sentence under Heggs because the thirty-year sentence imposed (under the invalid 1995 guidelines) could not validly have been imposed under the 1994 guidelines absent an upward departure. Because Camellon's sentence was not an upward departure sentence,[2] his motion is meritorious and he is entitled to resentencing under Heggs.

---

[1] Camellon does not challenge his life sentence for first-degree murder, the other charge for which he was convicted.

[2] In its brief, the State calculates that Camellon's sentencing range was 79.5 to 132.5 months under the 1995 guidelines, and 40 to 80 months under the 1994 guidelines. If these calculations are accurate, it is clear that the sentence of thirty years could not legally have been imposed under the guidelines, absent written

We reject the State's argument that the "concurrent sentence doctrine" precludes relief under these circumstances. As the Florida Supreme Court has observed, the "concurrent sentence doctrine provides that in the case of multiple concurrent sentences, an appellate court need not address challenges to every *conviction* where another conviction with a concurrent sentence of equal or greater length has been affirmed on appeal." Jordan v. State, 143 So. 3d 335, 338 (Fla. 2014) (citing Hirabayashi v. United States, 320 U.S. 81, 85 (1943)) (affirming the conviction on one count one and holding it was unnecessary to consider challenges to the conviction on the second count because the defendant was given concurrent sentences of equal length on both counts). (Emphasis added.)

The instant case does not involve a direct or collateral appeal challenging one of multiple underlying convictions resulting in concurrent sentences; it is instead an appeal challenging one of the multiple sentences as illegal. To the extent that the concurrent sentence doctrine remains viable, it is inapplicable here, even if the granting of relief will not impact Camellon's release date because he is serving a concurrent sentence. See Frizzell v. State, 238 So. 2d 67, 69 (Fla. 1970) (receded from on other grounds by State v. Wooden, 246 So. 2d 755 (Fla. 1971)) (recognizing that the fact a defendant is serving two concurrent sentences does not

findings to justify an upward departure sentence.

bar an appeal challenging the legality of only one of those sentences); <u>Mallory v. State</u>, 577 So. 2d 987 (Fla. 4th DCA 1991).[3]

We therefore reverse and remand with instructions that the trial court vacate the thirty-year sentence imposed on the second-degree murder count, conduct a resentencing proceeding pursuant to <u>Heggs</u>, and impose a new, lawful sentence.[4] Camellon shall be present for the resentencing proceeding.

---

[3] The concurrent sentence doctrine is "an outgrowth of the historic requirement of the writ of habeas corpus that one seeking the writ must be entitled to immediate discharge from all custody if successful in his petition." <u>Frizzell</u>, 238 So. 2d at 68. It has been described as a "rule of 'judicial convenience' in the area of collateral post-conviction relief" and a doctrine that has largely been "whittled away." <u>Id.</u> at 69. We decline the State's invitation to extend this doctrine to bar an appeal simply because the defendant asserts that only one of two concurrently-imposed sentences is illegal.

[4] At the resentencing, the trial court is not precluded from considering, for the first time, any then-existing and applicable basis for upward departure not previously rejected at the original sentencing. <u>Roberts v. State</u>, 547 So. 2d 129 (Fla. 1989); <u>Espinoza v. State</u>, 821 So. 2d 379 (Fla. 3d DCA 2002); <u>Trotter v. State</u>, 774 So. 2d 924 (Fla. 5th DCA 2001).