IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMAL CHE GLENN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5235

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Jamal Che Glenn, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant challenges the trial court's order summarily denying his Rule 3.850 motion and imposing sanctions for frivolous filings. Appellant pleaded guilty to murder and robbery on the advice of his counsel. He now claims that his counsel was (or should have been) aware of a scientific report supporting his claim of innocence. The trial court summarily dismissed the claim as untimely, noting Appellant filed his motion more than two years after his judgment and sentence became final.

Rule 3.850's two-year limitations period includes an exception for situations in which "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." In that instance, the deadline is two years from "the time the new facts were or could have been discovered with the exercise of due diligence." *Id.*; *see also Vann v. State*, 605 So. 2d 920, 921 (Fla. 1st DCA 1992) (finding exception applicable when appellant learned of his counsel's misadvice more than two years after appellant's conviction became final).

Because Appellant's motion was filed within two years after Appellant alleges he first could have discovered the pertinent facts, and because his motion otherwise is facially sufficient, we reverse and remand for the trial court to either attach records conclusively refuting Appellant's claim or to conduct further proceedings under Rule 3.850. Because the trial court's order imposing sanctions was based in part on its summary denial of Appellant's 3.850 motion, we reverse the sanctions order as well. If the trial court later concludes that the 3.850 motion was baseless (even if facially sufficient), the court may consider whether to impose sanctions again.

REVERSED AND REMANDED

OSTERHAUS, WINSOR, and M.K. THOMAS, JJ., CONCUR.